APRIL L. HOLLINGSWORTH (Bar No. 9391)
KATIE PANZER (Bar No. 16919)
**HOLLINGSWORTH LAW OFFICE, LLC**
1881 South 1100 East
Salt Lake City, Utah 84105
Telephone: 801-415-9909
april@aprilhollingsworthlaw.com
katie@aprilhollingsworthlaw.com
Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA *EX REL*. BRANDON BARRICK,** <br><br> Plaintiff/Realtor, <br><br> vs. <br><br> **PARKER-MIGLIORINI INTERNATIONAL, LLC,** and **JOHN AND JANE DOES 1-10** <br><br> Defendants. | **PLAINTIFF/REALTOR'S RULE 56(d) MOTION** <br><br> Case No. 2:12-cv-00381 <br><br> District Judge Dee Benson |

Plaintiff Brandon Barrick, by and through counsel his undersigned counsel, submits this objection to Defendants' Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56(d) and DUCivR 56-1. For the reasons stated below, Plaintiff requests the Court deny Defendants' motion or, alternatively, defer consideration of the motion until discovery is complete.

## BACKGROUND

In July of 2016, Mr. Barrick appealed the Court's partial denial of his Motion for Leave to File a Second Amended Complaint. (ECF 76). While Mr. Barrick's appeal was

pending, Defendants filed their Motion for Summary Judgment on December 21, 2016, prior to any discovery taking place. (ECF 91). In fact, Defendants did not even respond to Mr. Barrick's first set of discovery requests until several months later, on April 12, 2017. Ex. 1.

On April 27, 2017, Mr. Barrick's counsel filed a Motion to Extend Discovery, Modify the Scheduling Order, and for a Scheduling Conference. (ECF 99). This motion went unopposed and was never ruled on. On February 20, 2018, the Tenth Circuit affirmed this Court's decision on Mr. Barrick's Motion for Leave to File a Second Amended Complaint. (ECF 103). On October 2, 2018, the Supreme Court denied Mr. Barrick's Petition for Writ of Certiorari. (ECF 105). During the time Mr. Barrick's appeal was pending, proceedings in the district court were halted. On March 29, 2019, Mr. Barrick's counsel withdrew his Motion to Extend Discovery and requested leave to refile such a motion once he retained new counsel. (ECF 106). Again, this Motion went unopposed and has not yet been granted nor denied. At this juncture, Defendants' Motion for Summary Judgment is still pending. For the reasons stated below, the Motion should be denied or, alternatively, deferred until the parties have had a chance to finish discovery.

## ARGUMENT

Under Rule 56(d), if the facts essential to the opposition are unavailable to the nonmovant, the court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FRCP 56(d). "[S]ummary judgment should be refused where the nonmoving party

has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 350 n. 5 (1986).

Defendants' Motion for Summary Judgment is based almost exclusively on declarations provided by Steve Johnson, the Chief Financial Officer of Parker-Migliorini International, LLC ("PMI"); Darin Parker, the Chief Executive Officer of PMI; and Mark Gaylord, counsel for PMI. Mr. Barrick has not had an opportunity to depose Johnson, Parker, or any other witness who may have information concerning his claim and therefore does not have the facts essential to justify an opposition to Defendants' Motion.

"The False Claims Act protects whistleblowers from retaliation by their employers." *United States ex rel. Reed v. Keypoint Gov't Sols.,* No. 17-1379, at *71 (10th Cir. Apr. 30, 2019). In order for Mr. Barrick to prove his retaliation claim, he must show that "(1) he engaged in protected activity, (2) the defendant 'had been put on notice' of that protected activity, and (3) the defendant retaliated against the plaintiff 'because of' that activity." *Id., quoting McBride v. Peak Wellness Ctr., Inc.,* 688 F.3d 698, 704 (10th Cir. 2012). At issue in this case is whether PMI had notice that Mr. Barrick had engaged in protected activity and whether he was terminated because of that activity.

PMI denied it had any knowledge that Mr. Barrick engaged in a protected activity until after his termination. Mot. Summ. J., at ¶ 32. This assertion is based entirely on the declarations of Johnson and Parker. Mr. Barrick has not had an opportunity to depose either of these individuals and thus, no opportunity to crossexamine them on these allegations or inquire as to other facts surrounding his protected activities. Mr. Barrick recorded multiple conversations he had with Johnson in which Johnson divulged very specific details about PMI's schemes to evade USDA inspections. These conversations

aided the FBI's investigation and interrogation of Johnson. Given the temporal proximity between Mr. Barrick's conversations with Johnson and the FBI's investigation of PMI's activity disclosed by Johnson in those conversations, a reasonable fact finder could conclude that PMI did in fact have notice that Mr. Barrick had engaged in protected activity. Further discovery is necessary for Mr. Barrick to support these allegations and oppose Defendants' Motion for Summary Judgment.

PMI has also claimed that Mr. Barrick was terminated in a reduction in force, not because of his protected activity. It claims that his termination was simply a business necessity due to economic reasons. However, PMI did not support this assertion with any documentation of this alleged financial despair. PMI also claims that in the reduction in force, "PMI management considered several factors, such as seniority and productivity." Mot. for Summ. J., at ¶ 23. However, these statements are not supported by any kind of documentation of what the metrics for the reduction in force were or any communications concerning who should be laid off. Defendants' have also failed to produce any documents about how the reduction in force decisions were made.

Additionally, Mr. Barrick has significant issues with the documents PMI has produced so far. Many of the documents PMI produced are heavily redacted under the guise of attorney-client privilege, but the privilege log PMI provided was insufficient to determine whether the redactions were appropriate. May 18, 2017 Meet and Confer Letter, at 2-4. Ex. 2. PMI also withheld numerous documents, again under the guise of attorney-client privilege, without providing the basis for the documents' withholding. Id. at 5. Many of these documents appear to relate to communications about the reduction in force and are likely not actually protected by attorney-client privilege. Now that he has

new counsel, Mr. Barrick intends to pursue a motion to compel regarding these issues. These documents may be essential to Mr. Barrick's opposition to Defendants' Motion for Summary Judgment and it is therefore crucial that these issues are resolved.

The Meet and Confer Letter sent to PMI's counsel also raised issues that the production of documents as a whole was deficient. *Id.* at 6. The letter requested that PMI provide an explanation of the search efforts undertaken by PMI in response to the document requests. *Id.* This issue was never resolved, either.

When oral arguments were scheduled in the appeal, the discovery process came to a halt at some point in the summer of 2017. Given the unresolved discovery issues in this case, it is likely that their resolution will provide evidence sufficient that Mr. Barrick can show that PMI had notice that he was the relator and had engaged in protected activity, and that his termination in the reduction in force was pretext for retaliation.

In order for Mr. Barrick to oppose Defendants' Motion for Summary Judgment, it is necessary that he be given an opportunity to depose PMI's executives, including Johnson and Parker. The outstanding issues regarding the discovery that has been conducted need to be resolved as well. Additionally, Mr. Barrick requests that the Court set a new scheduling order for discovery, so that his new counsel can conduct discovery adequate to pursue his claims.

## **CONCLUSION**

For the foregoing reasons, the Court should deny or defer Defendants' Motion for

Summary Judgment and set a new scheduling order for discovery.


Dated this 3rd day of July, 2019.

**HOLLINGSWORTH LAW OFFICE, LLC**


/s/ Katie Panzer
Katie Panzer
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of **RULE 56(d) MOTION** has been served via the

court's CM/ECF system, on this 3rd day of July, 2019 to the following:

Mark Gaylor
Tyler Hawkins
BALLARD SPAHR, LLP
One Utah Center, Suite 800
201 South Main Street
Salt Lake City, Utah 84111

/s/ Katie Panzer