

May 18, 2017

**VIA EMAIL**

Mark Gaylord
Gaylord@ballardspahr.com
Tesia Stanley
StanleyT@ballardspahr.com
Tyler M. Hawkins
HawkinsT@ballardsparh.com
Ballard Spahr LLP
One Utah Center, Ste. 800
201 South Main Street
Salt Lake City, UT  84111-221

        Re: *United States ex rel. Brandon Barrick v. Parker-Migliorni International, LLC*, Civil No. 2:12-cv-00381: Request to Meet and Confer Regarding Privilege Log and Redactions

Counsel:

    As you are aware, we represent Brandon Barrick ("Mr. Barrick") in the above-captioned case. We write today to request a meet and confer regarding Defendant Parker-Migliorni International, LLC's ("PMI") document productions in the case. Specifically, Mr. Barrick has concerns related to the overly-redacted documents as well as documents withheld from the production. We previously briefly discussed the issues contained herein during a teleconference between myself and Mr. Gaylord on April 28, 2017.

    As noted on the April 28th call, we believe that issues related to the document productions must be resolved prior to depositions. The call on the 28th was productive, and therefore we believe that the parties can work through these issues within the next month as to allow depositions to occur in June and July. Nonetheless, with the current discovery period having passed on April 28, 2017, Mr. Barrick filed a Motion for Extension with the Court on April 27, 2017 to preserve his right to seek a modification to the current discovery schedule. As noted during the call on April

---

10 Exchange Place, Ste. 622   Salt Lake City, UT  84111     T: 801-590-7555
robert@thesaltlakelawyers.com     F: 801-384-0825

*U.S. ex rel. Barrick v. Parker, et al.*
Meet and Confer Request
May 18, 2017
Page 2

28th, and in a follow-up email from Mr. Gaylord, the parties have agreed in spirit to extend the current discovery up to and through July 15, 2017. Provided concurrently herewith is a letter addressing the discovery timeline and proposed schedule. This letter also confirms my offer during the April 28th call that Defendant does not need to respond to the Motion for Extension on file, that we are willing to grant whatever extensions are needed as the parties work through a revised scheduling order, and that we will withdraw the motion once the parties have agreed to a revised scheduling order.

Setting aside the scheduling matters, below are the issues that we have with Defendant's document production in this case:

### **Attorney/Client Privilege Standard**

"Under federal common law, the attorney-client privilege arises (1) where legal advice of any kind is sought; (2) from a professional legal advisor in his capacity as such; (3) the communications relating to that purpose; (4) made in confidence; (5) by the client; (6) are at his instance permanently protected; (7) from disclosure by himself or by the legal advisor; (8) unless the protection is waived." *Roe v. Catholic Health Initiatives Colorado*, 281 F.R.D. 632, 636 (D. Colo. 2012) (citing *Williams v. Sprint/United Mgmt. Co.*, No. 03–2200 –JWL– DJW, 2006 WL 266599, at *2 (D. Kan. Feb. 1, 2006); *Everitt v. Brezzel*, 750 F.Supp. 1063, 1066 (D.Colo.1990). The party seeking to invoke the attorney-client privilege bears the burden of establishing its applicability and the lack of waiver of any privilege. *See, e.g.*, *In re Foster*, 188 F.3d 1259, 1264 (10th Cir. 1999); *United States v. Phelan*, 3 Fed.App'x 716, 718 (10th Cir. 2001).

The privilege only covers those communications which are intended to be confidential. Where there is no expectation that the information conveyed will be kept confidential, the basis for affording it protection under the attorney-client privilege is absent. *See, e.g.*, *United States v. Rockwell Int'l*, 897 F.2d 1255, 1265 (3d Cir. 1990); *Permian Corp. v. United States*, 665 F.2d 1214, 1220 (D.C. Cir. 1981); *United States v. Bump*, 605 F.2d 548, 551 (10th Cir. 1979). Likewise, communications to counsel are privileged only when made for the purpose of obtaining legal advice. *See United States v. Davis*, 132 F.R.D. 12, 15 (S.D.N.Y. 1990). "The fact alone that a party has communicated information to its attorney does not prevent discovery of the factual information." *American Standard, Inc. v. Bendix Corp.*, 80 F.R.D. 706, 709 (W.D. Mo. 1978). Therefore, requests for "facts" as opposed to requests for "communications" must be distinguished. "Facts" are not protected. *See, e.g.*, *Davis v. PMA Companies, Inc.*, No. CIV-11-359-C, 2012 WL 3922967, at *8 (W.D. Okla. Sept. 7, 2012). Put succinctly, the attorney-client privilege does not embrace everything that arises out of existence of an attorney-client relationship. *See United States v. Pipkins*, 528 F.2d 559, 563 (5th Cir. 1976) (attorney-client privilege does not embrace everything that arises out of existence of an attorney-client relationship, and attorneys by simply placing accountants, scientists or investigators on their payrolls and maintaining them in their offices should not be able to invest all communications by clients to such persons with privilege.).

Overall, "[i]n order to merit protection, the '*predominant purpose*' of the communication must be to render or solicit legal advice as opposed to business advice." *In re County of Erie*, 473

U.S. *ex rel.* Barrick v. Parker, et al.
Meet and Confer Request
May 18, 2017
Page 3

F.3d 413, 420 (2d Cir. 2007).  "Where there are several possible interpretations of a document based upon the surrounding circumstances, the party asserting the privilege must produce evidence sufficient to satisfy a court that legal, not business, advice is being sought."  *Urban Box Office Network, Inc. v. Interfase Managers, L.P.*, No. 01 Civ. 8854(LTS)(THK), 2006 WL 1004472, at *6 (S.D.N.Y. Apr. 18, 2006).

The privilege is to be strictly construed.  *See Diversified Industries, Inc. v. Meredith*, 572 F.2d 596, 602 (8th Cir. 1977). It is to be extended no more broadly than necessary to effectuate its purpose.  *See, e.g.*, *Cohen v. Uniroyal, Inc.*, 80 F.R.D. 480, 483 (E.D. Pa. 1978).

Notably, "[w]hatever their origins, these exceptions[, including the attorney/client privilege,] to the demand for every man's evidence are not lightly created nor expansively construed, for they are in derogation of the search for truth."  *Roe*, 281 F.R.D. at 636 (citing *United States v. Nixon*, 418 U.S. 683, 710 (1974)).

**Standard for Privilege Logs**

FED. RULE CIV. P. 26(5)(A) requires that a party who claims privilege as a basis for withholding otherwise discoverable information must "describe the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."  *See also Sky Angel US, LLC v. Discovery Communications, LLC*, 28 F.Supp.3d 465, 483 (D. Md. 2014) ("A party can sustain this burden through a properly prepared privilege log that identifies each document withheld, and contains information regarding the nature of the privilege/protection claimed, the name of the person making/receiving the communication, the date and place of the communication, and the document's general subject matter.").

"A party's conclusory assertion that a document is privileged is inadequate to meet the burden imposed by Rule 26(b)(5)(A)."  *Johnson v. Ford Motor Co.*, 309 F.R.D. 226, 232 (S.D.W.V. 2015) (citation omitted).  "Rather, the party's privilege log 'must set forth specific facts which, taken as true, establish the elements of the privilege for each document for which privilege is claimed. A privilege log meets this standard, even if not detailed, if it identifies "the nature of each document, the date of its transmission or creation, the author and recipients, the subject, and the privilege asserted."'"  *Id.* (citations omitted).  That being said, "vague and uninformative document descriptions do not satisfy" the standard for privilege log adequacy.  *See In re McDonald*, No. 13–10661, 2014 WL 4365362, at *4 (Bankr. M.D.N.C. Sept. 3, 2014) (collecting cases).

Relevant here is the discussion in *Johnson* of *United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 473–74 (2d Cir.1996).  In *Johnson*, the Second Circuit found a privilege log insufficient when it "contained a general claim of attorney-client privilege accompanied by the listed documents' dates, authors, recipients, and "cursory" descriptions, such as "Fax Re: DOL Findings," "Fax: Whistleblower article," or "Letter Re: Customer Orders with comment Re: Five Star Products."  *Johnson*, 309 F.R.D. at 233 (citation omitted).  Likewise, the *Johnson* court discussed *R.J. Reynolds Tobacco v. Philip Morris, Inc.*, 29 Fed.Appx. 880, 882 (3d Cir. 2002).

U.S. *ex rel.* Barrick v. Parker, et al.
Meet and Confer Request
May 18, 2017
Page 4

There, the Third Circuit found a privilege log inadequate "where the description of the documents included 'various daily log entries,' 'interoffice emails,' or various miscellaneous 'notes/correspondence.'" *Id.* (citing *R.J. Reynolds Tobacco*). *See also In re Gen. Instrument Corp. Sec. Litig.*, 190 F.R.D. 527, 530 (N.D.Ill.2000) (finding that description of documents in log was not "even marginally specific" where document descriptions such as "Explanation re: Primestar Relationship," "NLC Employee Stock Options," and "Filing with SEC," were used) (cited by *Johnson*).

"The failure to provide sufficiently descriptive information in a privilege log may result in a finding that the proponent of the privilege has not satisfied its burden." *Certain Underwriters at Lloyd's v. Nat'l Railroad Passenger Corp.*, 14-CV-4717 (FB), 2017 WL 1232526, at *6 (E.D.N.Y. Feb. 17, 2017) (citations omitted). *See also Williams v. Taser Intern., Inc.*, 274 F.R.D. 694, 697-98 (N.D. Ga. 2008) (finding, *inter alia*, failure to provide adequate descriptions waived privilege).

**Redacted Documents**

PMI has produced documents bearing bates stamp number PMI00000001 to PMI00000937. The following documents have redactions: PMI000000010; PMI00000085; PMI00000097; PMI00000099; PMI00000100; PMI00000101; PMI00000106; PMI00000137; PMI00000170; PMI00000172; PMI00000173; PMI00000179; PMI00000706; and PMI00000805. While PMI has produced a privilege log, PMI appears to have provided no information as to the basis for these redactions.

Even if PMI had, the redactions are overly broad, as Mr. Barrick has informed PMI of on numerous occasions, and appear suspect regardless. For example, the following documents all are email chains related to Mr. Barrick notifying PMI that he had retained counsel, had meetings with his attorneys, or related emails: PMI000000010; PMI00000097; PMI00000099; PMI00000100; PMI00000101; PMI00000106; PMI00000137; PMI00000170; PMI00000172; PMI00000173; and PMI00000179. PMI has asserted that it terminated Mr. Barrick based upon a financial emergency and corporate reorganizing. If PMI was simply deciding which employees were expendable based upon a financial pinch, the advice from any attorney at Ballard Spahr or any other law firm would constitute general business advice and not amount to legal advice. Therefore, these redactions appear inappropriate and not justified under the law.

PMI00000706 involves the United States Department of Justice (Matthew Queler). Therefore, this email may not have the same issues as those discussed above. Nonetheless, the entirety of the forwarded or reply email have been redacted. Therefore, like the others and at a minimum, PMI must produce a version with far less redactions. The same goes for PMI00000085. While the redactions are more judicious, there is no attorney listed on the email. Moreover, the email deals with lending related to Zions Bank, which strongly suggests the email simply relates to business and not the giving or receiving of legal advice.

Mr. Barrick requests that PMI immediately produce unredacted versions of the above-listed documents. Otherwise, Mr. Barrick will be forced to seek *in camera* inspection of each redaction by the Court.

*U.S. ex rel. Barrick v. Parker, et al.*
Meet and Confer Request
May 18, 2017
Page 5

**Withheld Documents**

PMI's privilege log produced on April 18, 2017 is also problematic. For example, 47 of the 86 documents contain no description of the basis for withholding the documents. Simply because an attorney appears on the email is insufficient to support a claim for attorney/client privilege or work product protection. Additionally, some descriptions suggest that the communications related to business decisions. For example, three emails on November 1, 2012 (PMI-PRIV-00000007; PMI-PRIV-00000008; PMI-PRIV-00000009) list the subject as "Criteria-Sales", "Criteria-Logistics", and "Criteria-Accounting and Finance." One could assume that these subjects relate to PMI's purported criteria used to terminate employees in 2012. If that is the case, then any advice or information from Ballard Spahr would simply be information pertaining to PMI's business decisions, and would not be the pursuit of legal advice.

PMI-PRIV-00000006 suffers from a similar concern. The subject line is "Employee Listing PMI.xlsx." Again, this document appears to merely contain a listing of PMI or Parker employees, and would not necessarily contain any request for or transmission of legal advice. (*See also* PMI-PRIV-00000023 ("Copy of Employee listing 11-12-12.xlsx").)[1]

Likewise, certain emails appear to only convey or otherwise relate to PMI or Parker's corporate structure. PMI-PRIV-00000021; PMI-PRIV-00000022; PMI-PRIV-00000025; PMI-PRIV-00000027; PMI-PRIV-00000028; PMI-PRIV-00000029; PMI-PRIV-00000030; PMI-PRIV-00000031; and PMI-PRIV-00000054 specifically state as much. Similarly, PMI-PRIV-00000026 has a subject line of "PMI Entity Structure.pptx."[2]

Other documents appear to simply be requesting of corporate or related documents. PMI-PRIV-00000046 and PMI-PRIV-00000047 are forwarded emails related to missing accounting and finance files, and missing shipment files and health certificates, respectfully. PMI-PRIV-00000048 is a forwarded email with an Excel file extension listed apparently related to missing electronic equipment. And PMI-PRIV-00000001 is an email listed as involving missing certificates or origin.

PMI-PRIV-00000084 is truly odd. The only information provided is "[Untitled].pdf." Simply forwarding a document to counsel does not make the document itself privileged.

In sum, the privilege log is inadequate, at best. Above is only an illustrative list of the issues found by Mr. Barrick. Therefore, Mr. Barrick requests a revised, updated, and proper privilege log so that Mr. Barrick can determine whether the privilege asserted by PMI is correct. If Mr. Barrick does not receive an updated, adequate, and legally acceptable privilege log by **May 19, 2017**, Mr. Barrick will be forced to seek immediate court intervention to address the issue.

---

[1] These two subject lines also suggest that the emails are simply forwarding attachments. "Xlsx" is a file extension for Microsoft Excel Open XML format spreadsheets.
[2] Like the spreadsheet extension discussed above, "pptx" is a file extension for Microsoft PowerPoint Open XML Presentation.

*U.S. ex rel.* Barrick v. Parker, et al.
Meet and Confer Request
May 18, 2017
Page 6

### Search Conducted in Response to Discovery Requests

We believe that the document production is inadequate or otherwise not complete. As we discussed on the April 28th call, we find it odd that there are no emails being exchanged between PMI's executives and other employees responsible with the "Reduction in Force." Likewise, there are no emails referencing the FBI's raid, save for emails discussing the financial situation related to Zions First National Bank.

Obviously, PMI cannot simply produce documents that it finds beneficial to its arguments asserted in its Motion for Summary Judgment. Rather, PMI has an obligation to produce any and all relevant and responsive documents in general.

On the April 28th call, Mr. Gaylord confirmed that PMI had produced all responsive and relevant documents. Indeed, Mr. Gaylord went so far as to say that he believed that PMI had produced more documents than PMI was required to. In order to assess whether PMI has complied with its discovery obligations, we request that PMI provide an explanation of the search efforts undertaken by PMI to respond to Mr. Barrick's discovery requests. *See Ariza v. Loomis Armored US, LLC*, 13-419-JWD-SCR, 2014 WL 12611311, at *2 (M.D. La. Nov. 12, 2014) (ordering affidavit under oath explaining discovery efforts); *Susquehanna Comm. Finance, Inc. v. Vascular Resources, Inc.*, No. 1:09-cv-2012, 2010 WL 4973317, at *6 (M.D. Pa. Dec. 1, 2010) (similar).

*       *       *

We believe that the parties can work through the issues detailed above, as the parties have worked well together thus far in this case. That being said, if PMI refuses to reconsider any of its prior redactions or producing a legally appropriate privilege log, then Mr. Barrick will be forced to file a Motion to Compel with the Court. Please contact either Jim Bradshaw or myself to discuss. We look forward to speaking with you in hopes of resolving this issue.

Best regards,

Robert B. Cummings
THE SALT LAKE LAWYERS

cc:   James Bradshaw, Esq. (via email)
      Mark Moffat, Esq. (via email)
      Annie Talifaerro, Esq. (via email)