APRIL L. HOLLINGSWORTH (Bar No. 9391)
KATIE PANZER (Bar No. 16919)
**HOLLINGSWORTH LAW OFFICE, LLC**
1881 South 900 East
Salt Lake City, Utah 84105
Telephone: 801-415-9909
april@aprilhollingsworthlaw.com
katie@aprilhollingsworthlaw.com
Attorneys for Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA *EX REL.* BRANDON BARRICK**<br><br>Plaintiff/Realtor,<br><br>vs.<br><br>**PARKER-MIGLIORINI INTERNATIONAL, LLC,** and **JOHN AND JANE DOES 1-10**<br><br>Defendants. | **DECLARATION OF KATIE PANZER IN SUPPORT OF PLAINTIFF'S RULE 56(d) MOTION**<br><br>Case No. 2:12-CV-000381<br><br>Judge Dee Benson |

I, Katie Panzer, being duly sworn and upon my oath, state the following:

1. I am over the age of 18 and could competently testify to the matters stated herein, based upon my personal knowledge.

2. I am an attorney and represent Plaintiff/Relator Brandon Barrick in this litigation. I make and submit this affidavit, pursuant to Fed. R. Civ. Pro. 56(d), in support of Plaintiff's Rule 56(d) Motion.

3. I specialize in employment law and was recently retained by Mr. Barrick to assist in the litigation of his wrongful termination claim under the False Claims Act.

4. I have discussed the procedural history of this case with Mr. Barrick's prior attorney, Robert Cummings, and reviewed the pleadings of the case to gain an understanding of the matters stated herein.

5. Further discovery and depositions are necessary in this case. At this time, Mr. Barrick does not possess sufficient facts or evidence to oppose Defendants' Motion for Summary Judgment. Additional discovery will reveal evidence necessary to oppose Defendants' Motion.

6. It is my understanding that the parties halted discovery in early 2017, pending Mr. Barrick's appeal of the Court's dismissal of his substantive False Claims Act claims.

7. On December 21, 2016, prior to even exchanging initial disclosures, Defendants filed a Motion for Summary Judgment. (ECF 91)

8. Because the parties had not engaged in any discovery at that time, the parties stipulated to a scheduling order filed on February 23, 2017. (ECF 96)

9. The parties agreed to phased discovery, with the first phase focusing on the issues raised in Defendants' Motion for Summary Judgment.

10. The parties agreed that each side was allowed four interrogatories, requests for documents, and requests for admission, and four depositions of up to four hours apiece.

11. Although there was some discussion about the scheduling of depositions, no depositions were actually conducted.

12. The parties engaged in a preliminary meet and confer process to resolve discovery issues. However, those issues were never resolved nor did the parties engage in any motion practice on discovery issues.

13. On April 27, 2017, Mr. Barrick filed a Motion to Extend Discovery Deadlines, Modify the Scheduling Order, and Request for Scheduling Conference. A more detailed explanation of the discovery efforts made by the parties can be found in this Motion. ECF 99. This Motion was neither opposed nor was it ruled on by the Court.

14. During the summer of 2017, there was some discussion between the parties' counsel concerning discovery issues and depositions. However, as the appeal was pending, the parties did not conduct any depositions and did not resolve the discovery issues before communications stopped altogether during the pendency of the appeal.

15. The Tenth Circuit affirmed the Court's dismissal of Mr. Barrick's substantive False Claims Act claims on February 20, 2018. The Supreme Court denied Mr. Barrick's petition for writ of certiorari on October 2, 2018.

16. Since then, the attorney who represented Mr. Barrick through the appeal, Mr. Cummings, has associated with a new firm and was unable to continue his representation of Mr. Barrick.

17. The other attorneys Mr. Cummings formerly associated with—Mr. Bradshaw, Mark Moffat, and Ann Marie Taliaferro—are criminal defense attorneys. These attorneys deemed it necessary to associate with a civil attorney with experience in employment law to continue the litigation of this case.

18. On March 29, 2019, Mr. Bradshaw filed a Motion to Stay Proceedings for 60 Days in order to allow Mr. Barrick to retain additional counsel.

19. In May of 2019, I was retained by Mr. Barrick to assist his counsel in the litigation of this case.

20. It is my understanding that Mr. Bradshaw has made efforts to communicate with Defendants' counsel in an attempt to meet and confer about the next steps in reviving the litigation of Mr. Barrick's False Claims Act retaliation claim. Defendants' counsel has not responded to Mr. Bradshaw's attempts to communicate on this matter.

21. I am willing and able to step in to the role of lead counsel for Mr. Barrick on this case and resolve the discovery issues.

22. I believe that additional discovery and an opportunity to conduct depositions is necessary to Mr. Barrick's ability to oppose Defendants' Motion for Summary Judgment.

DATED this 3rd day of July, 2019.

        /s/ Katie Panzer
        Katie Panzer
        Counsel for Brandon Barrick