IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL. BRANDON BARRICK,<br><br>Plaintiff,<br><br>v.<br><br>PARKER-MIGLIORINI INTERNATIONAL, LLC, and JOHN AND JANE DOES 1-10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:12-cv-381-DB<br><br>District Judge Dee Benson |

Before the court is Plaintiff/ Relator's Rule 56(d) Motion to deny or defer a ruling on Defendant's Motion for Summary Judgment (Dkt. No. 91) pending additional discovery. (Dkt. No. 112.) The motion has been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

Background

On May 25, 2016, the court denied in part Plaintiff's Motion for Leave to Amend Complaint, leaving Plaintiff with one remaining cause of action under the False Claims Act ("FCA") anti-retaliation provision, 31 U.S.C. §3730(h). (Dkt. No. 70.) On July 11, 2016, the court granted Plaintiff's Motion for Entry of Partial Final Judgment pursuant to Federal Rule of

Civil Procedure 54(b), allowing Plaintiff to file an immediate appeal. (Dkt. No. 75.) On July 29, 2016, Plaintiff filed a notice of appeal. (Dkt. No. 76.)

On December 21, 2016, Defendant filed a Motion for Summary Judgment on Plaintiff's remaining FCA retaliation claim. (Dkt. No. 91.) The court granted the parties' stipulated motion to extend Plaintiff's response time to February 8, 2017. (Dkt. No. 94.) On April 27, 2017, Plaintiff filed a Motion for an extension on immediate discovery deadlines, to modify the scheduling order, and for a scheduling conference. (Dkt. No. 99.) When the court contacted the parties to schedule a hearing, the parties requested that the court defer scheduling and ruling on the motion until the pending appeal had been decided.

On February 20, 2018, the Tenth Circuit affirmed the decision denying leave to amend. (Dkt. No. 103.) On October 1, 2018, the Supreme Court denied certiorari. (Dkt. No. 105.) On March 29, 2019, Plaintiff officially withdrew its motion for an extension on discovery deadlines and for a scheduling conference and order, (Dkt. No. 99,) and requested "leave to refile such motion once the parties have reactivated this litigation." (Dkt. No. 106.) On that same day, Plaintiff also requested a 60-day stay and several of Plaintiff's attorneys requested and were granted leave to withdraw as counsel. (Dkt. Nos. 107, 108, 110.) On July 3, 2019, Plaintiff filed its motion for additional discovery pursuant to Rule 56(d). (Dkt. No. 112.)

Analysis

Under Rule 56(d), if the facts essential to the opposition are unavailable to the nonmovant, the court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FRCP 56(d). "[S]ummary judgment should be refused where the nonmoving party has not had

2

the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 350 n. 5 (1986). However, Rule 56(d) relief is inappropriate where "[the nonmoving party] had an opportunity to make full discovery; they simply chose not to do so." *Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1554 (10th Cir. 1993).

Here, Plaintiff has not presented the court with facts or reasoning to support his position that he did not have the opportunity to conduct the depositions or request the additional discovery he now argues are necessary to his remaining claim. Even assuming that the parties had stipulated to a stay of discovery during the pendency of the appeal, approximately nine months passed between the Order of the United States Supreme Court denying certiorari and Plaintiff's Rule 56(d) motion, during which Plaintiff could have conducted or requested to conduct discovery. The court declines to extend discovery in this seven-year-old case—and in response to a nearly three-year-old motion—due to the parties' election to delay.

## Conclusion

For the foregoing reasons, Plaintiff's Motion pursuant to Rule 56(d) is hereby DENIED and Plaintiff is hereby ORDERED to file his response, if any, to Defendant's Motion for Summary Judgment (Dkt. No. 91) within 30 days of the date of this Order.

DATED this 5th day of September, 2019.

BY THE COURT:

Dee Benson
United States District Judge