IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL. BRANDON BARRICK,<br><br>Plaintiff,<br><br>v.<br><br>PARKER-MIGLIORINI INTERNATIONAL, LLC, and JOHN AND JANE DOES 1-10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:12-cv-381-DB<br><br>District Judge Dee Benson |

Before the court is Defendant's Motion for Reconsideration (Dkt. No. 134) of the court's Memorandum Decision and Order, dated January 31, 2020, which denied Defendant's Motion for Summary Judgment. (Dkt. No. 133). The motion has been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

This court may grant a motion to reconsider where the movant has established: (1) an intervening change in controlling law; (2) availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *Brunmark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir.1995). A motion to reconsider should be granted only where the court "misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir.2000) (citing *Van Skiver v. United States,* 952 F.2d 1241,

1243 (10th Cir.1991) (other citations omitted)). A motion to reconsider is not a vehicle to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Defendant requests that this court reconsider its denial of Defendant's Motion for Summary Judgment on the basis of clear error. Defendant argues that Plaintiff's Declaration (Dkt. No. 118-5) included inadmissible evidence, and thus the court's reliance on it constituted clear error. Federal Rule of Civil Procedure 56 requires that any affidavit or declaration used to "oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the declarant is competent to testify on the matters stated." Fed.R.Civ.P. 56(c)(4).

Even assuming Defendant's objections to Plaintiff's evidence are well taken, the court properly denied Defendant's motion for summary judgment. The undisputed facts demonstrate that, on April 26, 2012, Plaintiff filed a sealed Complaint setting forth Defendant's illegal shipping practices. (Dkt. No. 118-5, ¶ 19.) The FBI then began to investigate Defendant, and Plaintiff participated in the investigation. (*Id.* ¶ 19-20.) On October 10, 2012, the FBI executed a search warrant of Defendant's Salt Lake City office. (*Id.* ¶ 26.) The next day, October 11, 2012, Defendant attempted to interview all employees who had been questioned by the FBI. (Dkt. No. 118-4.) When Plaintiff was asked to participate in an interview, he stated that he was represented by an attorney and could not answer any questions without his attorney present. (*Id.*) Also on October 11, 2012, Defendant hired an IT company to conduct a forensic analysis of Defendant's computers and servers (including Plaintiff's work computer.) (Dkt. No. 118-5, ¶ 35.) Plaintiff claims that his work computer held information relating to his assistance with the FBI investigation, including a map of Defendant's facilities he created for the FBI, and that he had

downloaded Defendant's entire server from his work computer onto a thumb drive for the FBI. (*Id.* ¶¶ 23, 25.) A little over a month later, on November 14, 2012, Plaintiff was selected for layoff. (*Id.* ¶¶ 23-24.)

Based on those events and their sequence and timing, a reasonable juror could infer that Defendant was on notice of Plaintiff's assistance with the FBI investigation and that Plaintiff was selected for layoff because of Plaintiff's participation.

## Conclusion

For the foregoing reasons, Defendant's Motion for Reconsideration is hereby DENIED.

DATED this 9th day of June, 2020.

BY THE COURT:

Dee Benson
United States District Judge