IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* BRANDON BARRICK,<br><br>Plaintiff/Relator,<br><br>v.<br><br>PARKER-MIGLIORINI INTERNATIONAL, LLC and JOHN AND JANE DOES 1–10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER REGARDING CAUSATION STANDARD**<br><br>Case No. 2:12-cv-00381-JNP-CMR<br><br>District Judge Jill N. Parrish |

The court writes this Memorandum Decision and Order to explain the rationale behind the causation standard that it has adopted in its jury instructions.

The False Claims Act ("FCA") "protects whistleblowers from retaliation by their employers." *United States ex rel. Reed v. KeyPoint Gov't Sols.*, 923 F.3d 729, 764 (10th Cir. 2019) (citation omitted). To state a claim of retaliation under the FCA, a plaintiff must prove "(1) [he] engaged in protected activity, (2) the defendant 'had been put on notice' of that protected activity, and (3) the defendant retaliated against the plaintiff 'because of' that activity." *Id.* (citation omitted); *see also* 31 U.S.C. § 3730(h). At issue here is how to define "because of" and instruct the jury on the causation element of a retaliation claim under the FCA.

In 2009, the Supreme Court held that the ordinary meaning of "because of" was "by reason of: on account of" and thereby imposed a "but-for" causation standard in disparate-treatment claims brought under the Age Discrimination in Employment Act ("ADEA"). *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009). Thus, under the plain language of the ADEA, a plaintiff

"must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." *Id.* at 177–78. That is, a plaintiff must prove that "age was the 'reason' that the employer decided to act." *Id.* at 176.

In 2013, drawing on *Gross* and the "text, structure, and history of Title VII," the Supreme Court likewise interpreted "because" in the Title VII retaliation provision to impose a "but-for" causation standard. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 351–52, 362 (2013). The Court held that a plaintiff making a retaliation claim under Title VII must "establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Id.* at 362. This but-for standard "require[d] proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Id.* at 360. In so holding, the Court noted that its *Gross* decision "was careful to restrict its analysis to the statute before it," but maintained that "the particular confines of *Gross* d[id] not deprive it of all persuasive force." *Id.* at 351.

Relying upon the reasoning of *Gross* and *Nassar*, several circuits have interpreted "because of" in the FCA's retaliation provision to impose a "but-for" causation standard. *See, e.g.*, *Lestage v. Colorplast Corp.*, 982 F.3d 37, 46 (1st Cir. 2020); *DiFiore v. CSL Behring, LLC*, 879 F.3d 71, 76–78 (3d Cir. 2018); *United States ex rel. King v. Solvay Pharms., Inc.*, 871 F.3d 318, 333 (5th Cir. 2017); *Nesbitt v. Candler County*, 945 F.3d 1355, 1357–60 (11th Cir. 2020). But other circuits have interpreted the FCA's "because of" language to impose a motivating factor causation standard. *See, e.g.*, *McKenzie v. BellSouth Telecomms., Inc.*, 219 F.3d 508, 518 (6th Cir. 2000); *United States ex rel. Ziebell v. Fox Valley Workforce Dev. Bd., Inc.*, 806 F.3d 946, 953 (7th Cir. 2015); *Singletary v. Howard Univ.*, 939 F.3d 287, 303 (D.C. Cir. 2019).

The application of the motivating factor causation standard can be traced back to the legislative history of the FCA's retaliation provision. The legislative history reflects that an employee stating a retaliation claim under the FCA must prove that "the retaliation was motivated, at least in part, by the employee's engaging in protected activity." S. REP. NO. 99-345, at 35 (1986), *as reprinted in* 1986 U.S.C.C.A.N. 5266, 5300. The Tenth Circuit has twice cited this legislative history in ruling on FCA retaliation claims: *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 729 (10th Cir. 2006), *abrogated on other grounds by Cochise Consultancy, Inc. v. United States ex rel. Hunt*, 139 S. Ct. 1507 (2019); *United States ex rel. Erickson v. Uintah Special Servs. Dist.*, 268 F. App'x 714, 716 (10th Cir. 2008) (unpublished). But both cases predate *Gross* and *Nassar*, and the Tenth Circuit has not defined "because of" in the context of an FCA retaliation claim since those cases were decided.[1]

In defining "because of" here, the court agrees with *Gross*, *Nassar*, and other circuits that have relied upon *Gross* and *Nassar* and interpreted "because of" under the FCA's retaliation provision to mean "but-for." Although the legislative history of the retaliation provision indicates that a motivating factor standard should apply, the court "should not, cannot, and do[es] not use legislative history to get around the plain meaning of a statute's text." *Nesbitt*, 945 F.3d at 1361 (citing *Ratzlaf v. United States*, 510 U.S. 135, 147–48 (1994) ("[W]e do not resort to legislative

---

[1] The Tenth Circuit acknowledged the application of the "but-for" causation standard to an FCA retaliation claim, but the court did not formally adopt this interpretation of the statute's "because of" language. *Miller v. Inst. for Def. Analyses*, 795 F. App'x 590, 595–96 (10th Cir. 2019) (unpublished) ("At least one circuit has held the heightened "but-for" causation standard applies only at the third and final pretext stage of the *McDonnell Douglas* framework—not at the prima facie stage. . . . Regarding the third element [of a prima facie retaliation claim], we again assume without deciding [the plaintiff] need only establish the lesser requirement of a causal connection—not but-for causation." (citation omitted)).

3

history to cloud a statutory text that is clear.")). Thus, the court is persuaded by the textual analysis of "because of" and "because" performed by the Supreme Court in *Gross* and *Nassar*, respectively, and applies the same "but-for" causation standard to the instant FCA retaliation claim. And while other circuits—including the Tenth Circuit—have applied or cited the motivating factor causation standard both before and after the *Gross* and *Nassar* decisions, their applications "can be traced back to a textual focus on legislative history or to following out-of-circuit law that relied on legislative history." *Nesbitt*, 945 F.3d at 1361. This reliance upon legislative history is misplaced when the plain meaning of "because of," as interpreted by the Supreme Court, is "but-for."

However, "but-for" does not mean "sole cause." *McDonald v. City of Wichita, Kan.*, 735 F. App'x 529, 531 (10th Cir. 2018) (unpublished) ("[J]ury instructions equating but-for causation and 'sole cause' are legally erroneous." (citations omitted)); *see also Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1278 (10th Cir. 2010) (holding "*Gross* does not disturb longstanding Tenth Circuit precedent by placing a heightened evidentiary requirement on ADEA plaintiffs to prove that age was the sole cause of the adverse employment action"); *Bostock v. Clayton County, Georgia*, 140 S. Ct. 1731, 1744 (2020) (holding in a Title VII case evaluated under a but-for causation standard that "the plaintiff's sex need not be the sole or primary cause of the employer's adverse action"); *Leal v. McHugh*, 731 F.3d 405, 415 (5th Cir. 2013) ("'[B]ut-for cause' does not mean 'sole cause.'" (citations omitted)). Further, the Supreme Court recently recognized in a Title VII case that "[o]ften, events have multiple but-for causes" and provided the following illustration: "if a car accident occurred *both* because the defendant ran a red light *and* because the plaintiff failed to signal his turn at the intersection, we might call each a but-for cause of the collision." *Bostock*, 140 S. Ct. at 1739.

4

The Sixth Circuit declined to apply *Bostock*'s explanation of "but-for" causation in an ADEA action, finding that "the Court in *Bostock* was clear on the narrow reach of its decision and how it was limited only to Title VII itself" and that *Gross*'s definition of "because of" in the ADEA context controlled. *Pelcha v. MW Bancorp, Inc.*, 988 F.3d 318, 324 (6th Cir. 2021). The court will not follow the Sixth Circuit here. First, in drawing upon *Gross*'s definition of "because of" in the ADEA context, the *Nassar* Court noted that its *Gross* decision "was careful to restrict its analysis to the statute before it," but stated that "the particular confines of *Gross* d[id] not deprive it of all persuasive force" in the Title VII context. *Nassar*, 570 U.S. at 351. Similarly here, the court does not find that the limiting language in *Bostock* "deprive[s] it of all persuasive force" as the court seeks to further define "but-for" causation in the FCA retaliation context. And second, unlike the Sixth Circuit, which had binding case law (*Gross*) directly on point to define "because of" in the context of an ADEA claim, the court here does not have on-point, binding case law on the meaning of "because of" in the context of an FCA retaliation claim.

The Second Circuit also declined to apply *Bostock*'s explanation of "but-for" causation in an action under Section 2 of the Voting Rights Act. *Clerveaux v. E. Ramapo Cent. Sch. Dist.*, 984 F.3d 213, 232 (2d Cir. 2021). But *Clerveaux* is distinguishable. The Second Circuit found that *Bostock* defining Title VII's "because of" causation language as "but-for" causation was "not persuasive" in defining Section 2's "language prohibiting the denial or abridgement of the right to vote 'on account of race or color.'" *Id.* The Second Circuit's reasoning was twofold. First, the court observed that "the Supreme Court has elsewhere interpreted 'because of' language to *not* require proof of race-based intent in the Title VII context." *Id.* (citation omitted). And second, the court found that "the unique context of the Voting Rights Act and Congress's clear desire not to require a showing of racial animus indicate that 'on account of race or color' should not be interpreted to

5

require but-for causation." *Id.* Here, it is plain from the statutory text of the FCA's retaliation provision, as well as from relevant legislative history, that Congress intended to require a causal showing in an FCA retaliation claim. The case law previously cited in this Memorandum Decision and Order supports the same and supports the imposition of a but-for causation standard. *Clerveaux* is therefore not persuasive.

Based upon the foregoing, the court finds that "because of" means "but-for" in the context of an FCA retaliation claim. Further, "but-for" does not mean "sole cause," and an event can have multiple but-for causes. The Supreme Court's car accident example in *Bostock* is particularly illuminating of the latter point. The court will instruct the jury on the causation standard of an FCA retaliation claim accordingly.

DATED June 30, 2021.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge