IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* BRANDON BARRICK,<br><br>Plaintiff/Relator,<br><br>v.<br><br>PARKER-MIGLIORINI INTERNATIONAL, LLC and JOHN AND JANE DOES 1–10,<br><br>Defendants. | **MEMORANDUM DECISION REGARDING POST-TRIAL ISSUES**<br><br>Case No. 2:12-cv-00381-JNP-CMR<br><br>District Judge Jill N. Parrish |

Before the court are Plaintiff Brandon Barrick's ("Mr. Barrick") and Defendant Parker-Migliorini International, LLC's ("PMI") briefs regarding post-trial issues, ECF Nos. 317, 331, and prejudgment interest, ECF Nos. 318, 335, and PMI's Motion to Strike Expert Report of Gary Couillard, ECF No. 332. The court has concluded that oral argument on these matters would not be helpful or necessary and will accordingly decide the matters on the written memoranda of the parties. *See* DUCivR 7-1(f). Having carefully reviewed the parties' written memoranda and the relevant law, the court concludes that Mr. Barrick is entitled to reasonable attorneys' fees, as well as prejudgment interest in an amount calculated by the court. In addition, the court concludes that Mr. Barrick's motion for a directed verdict is now moot, as is PMI's Motion to Strike Expert Report of Gary Couillard.

## BACKGROUND

Mr. Barrick sued Defendants for unlawful retaliation under the False Claims Act ("FCA"), 31 U.S.C. § 3730(h). Following a five-day trial, a jury returned a verdict in favor of Mr. Barrick, finding that PMI terminated Mr. Barrick's employment on November 14, 2012 because of conduct

protected by the FCA. The jury awarded Mr. Barrick $125,000 in economic damages. The court subsequently instructed the parties to submit written briefs regarding (1) the procedure and timing of any award of attorneys' fees; (2) whether Mr. Barrick is entitled to pre-judgment interest and, if so, how it is to be calculated; and (3) whether Mr. Barrick's motion for a directed verdict on the issue of his alleged failure to mitigate his damages was rendered moot by the jury's verdict.[1] ECF No. 314. The parties filed responsive briefs. ECF Nos. 317, 318, 331, 335. Subsequently, because Mr. Barrick attached an expert's report to his brief regarding prejudgment interest, ECF No. 318-1, PMI moved to strike the report. ECF No. 332.

## ANALYSIS

**I.      Attorneys' Fees**

Under § 3730(h), an employee who prevails on an unlawful retaliation claim "shall be entitled to all relief necessary to make that employee . . . whole," and such relief "*shall* include . . . reasonable attorneys' fees." (Emphasis added.) Because § 3730(h) uses mandatory language, courts have concluded that the provision requires a court to award reasonable attorneys' fees to a successful plaintiff. *See Grenadyor v. Ukrainian Vill. Pharmacy, Inc.*, No. 09 C 7891, 2019 WL 1200780, at *3–*4 (N.D. Ill. Mar. 14, 2019); *Marsteller v. MD Helicopter, Inc.*, No. CV-14-01788-PHX-DLR, 2014 U.S. Dist. LEXIS 204189, at *15–*16 (D. Ariz. Oct. 15, 2014).

Mr. Barrick argues that, because the jury found that PMI violated § 3730(h) when it terminated him, he is entitled to reasonable attorneys' fees. In response, PMI does not dispute that attorneys' fees are a mandatory remedy under § 3730(h), but rather argues that Mr. Barrick is not

---

[1] The court also instructed the parties to submit written briefs addressing PMI's motion for a directed verdict. ECF No. 314. Because the court considers the parties' arguments regarding that issue in its Memorandum Decision and Order Denying Defendant's Motion for Judgment as a Matter of Law, it does not address them here.

2

entitled to attorneys' fees because he failed to present sufficient evidence to support his claim at trial. Because the court is not persuaded by PMI's argument that Mr. Barrick's claim fails as a matter of law, *see* Memorandum Decision and Order Denying Defendant's Motion for Judgment as a Matter of Law, the court concludes that Mr. Barrick is entitled to the mandatory remedy of reasonable attorneys' fees.

In terms of the procedure and timing for awarding attorneys' fees, the parties agree that the court should follow Federal Rule of Civil Procedure 54. Accordingly, the court concludes that Mr. Barrick must move for attorneys' fees "no later than 14 days after the entry of judgment," and the motion must (1) "specify the judgment and the statute, rule, or other grounds entitling [Mr. Barrick] to the award"; (2) "state the amount sought or provide a fair estimate of it"; and (3) "disclose the terms of any agreement about fees for the services for which the claim is made." *See* FED. R. CIV. P. 54(d)(2)(B). PMI will then have an opportunity "for adversary submissions on the motion in accordance with Rule 43(c) or 78." *See* FED. R. CIV. P. 54(d)(2)(C).

## II.     Prejudgment Interest

Under § 3730(h), the relief to which a successful plaintiff is entitled "*shall* include . . . interest on . . . back pay." (Emphasis added.) Section 3730(h) "does not provide for a discretionary award of prejudgment interest. Rather, use of the word 'shall' mandates such an award." *Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 872 (4th Cir. 1999) (citing *Anderson v. Yungkau*, 329 U.S. 482, 485 (1947)). "The purpose of prejudgment interest is to fully compensate the injured party for his loss; it is not to punish the wrongdoer." *U.S. Indus. v. Touche Ross & Co.*, 854 F.2d 1223, 1257 n.50 (10th Cir. 1988); *see also United States ex rel. Howard v. Urb. Inv. Tr., Inc.*, No. 03 C 7668, 2013 WL 4501422, at *4 (N.D. Ill. Aug. 22, 2013) ("The purpose of prejudgment interest is to provide a complete remedy. Essentially, it takes into account the fact that the

prevailing party would have had access to the money had it not been for the actions of the offending party, and would have invested the money or otherwise obtained some return on it.").

The calculation of prejudgment interest "rests firmly within the sound discretion of the trial court." *Caldwell v. Life Ins. Co. of N. Am.*, 287 F.3d 1276, 1287–88 (10th Cir. 2002). The Tenth Circuit has suggested that the prime interest rate or the fifty-two week Treasury bill rate may be appropriate interest rates for a court to use when calculating prejudgment interest. *Kleier Advert., Inc. v. Premier Pontiac, Inc.*, 921 F.2d 1036, 1042 n.4 (10th Cir. 1990). "In the Seventh Circuit, prejudgment interest is based upon the prime interest rate during the years in question." *Urb. Inv. Tr.*, 2013 WL 4501422, at *4 (citing *Gorenstein Enters., Inc. v. Quality Care-USA, Inc.*, 874 F.2d 431, 437 (7th Cir. 1989)); *see also United States ex rel. Macias v. Pac. Health Corp.*, CV 12-00960 RSWL (JPR), 2016 U.S. Dist. LEXIS 140760, at *31 (C.D. Cal. Oct. 7, 2016) ("When the statute does not provide the interest rate to be used, the prime rate is an appropriate calculator.").

In addition, courts tend to compound the chosen interest rate annually. *See, e.g.*, *Christos v. Halker Consulting, LLC*, No. 16-cv-01838-PAB-NYW, 2018 U.S. Dist. LEXIS 187214, at *3 (D. Colo. Nov. 1, 2018); *Macias*, 2016 U.S. Dist. LEXIS 140760, at *31 ("It is within the court's discretion whether to award compound or simple interest. The norm in federal litigation is to compound prejudgment interest. The interest should be compounded annually to make the . . . plaintiff whole—a clear purpose of the remedial sections of 3730(h).") (internal citations and quotation marks omitted)); *Neal v. Honeywell, Inc.*, 995 F. Supp. 889, 897 (N.D. Ill. 1998) ("[I]n employment cases prejudgment interest is compounded annually.").

Here, Mr. Barrick first argues that, because his unlawful retaliation claim was successful, he is entitled to prejudgment interest. In response, PMI argues that Mr. Barrick is not entitled to prejudgment interest because "PMI is entitled to a directed verdict on his retaliation claim and

4

alleged damages." ECF No. 335 at 3. Because the court concludes that PMI is not entitled to a directed verdict, *see* Memorandum Decision and Order Denying Defendant's Motion for Judgment as a Matter of Law, the court determines that Mr. Barrick is entitled to the mandatory remedy of prejudgment interest.

In terms of calculating the amount of prejudgment interest to which Mr. Barrick is entitled, Mr. Barrick contends that the court should use an interest rate that is equal to the average of the interest rates for unsecured personal loans and credit card debt during the period from Mr. Barrick's termination on November 14, 2012 to the entry of judgment. Mr. Barrick further contends that the interest should be compounded daily. Mr. Barrick attached a report from an expert who calculated that, as of July 22, 2021, the prejudgment interest was $178,372. ECF No. 318-1.

In response, PMI argues that Mr. Barrick's expert report must be disregarded; that the court expressly precluded Mr. Barrick from seeking damages related to late fees or interest incurred, and that such alleged damages are the basis for Mr. Barrick's proposed prejudgment interest calculation; that Mr. Barrick's proposed prejudgment interest calculation would be an impermissible windfall; and that Mr. Barrick's proposed prejudgment interest calculation ignores his dilatory conduct. PMI further argues that, if prejudgment interest is awarded, it must be calculated from the date on which Mr. Barrick purportedly began to press his unlawful retaliation claim in this lawsuit (July 3, 2019 or September 5, 2019, according to PMI)—as opposed to the date on which he was terminated (November 14, 2012)—and that the interest rate should be the statutory post-judgment interest rate, which, as of June 25, 2021, was 0.09%.

The court agrees with PMI that a prejudgment interest award of $178,372 would be an impermissible windfall for Mr. Barrick, *see Neal*, 995 F. Supp. at 897; *Kelley v. City of Albuquerque*, No. CIV-03-507 JB/ACT, 2006 WL 1305038, at *4–*5 (D.N.M. Apr. 12, 2006), and

5

that it would be improper for the court to base its prejudgment interest award on purported credit card debt when Mr. Barrick failed to provide any computation related to such damages before trial, *see* ECF No. 267 at 5. The court accordingly disregards Mr. Barrick's expert report.[2]

Rather, the court elects to calculate Mr. Barrick's prejudgment interest award according to the guidelines suggested by courts in both the Tenth Circuit and other circuits. Specifically, the court concludes that it is appropriate to use the prime interest rate during the years in question, *see Kleier Advert.*, 921 F.2d at 1042 n.4; *Urb. Inv. Tr.*, 2013 WL 4501422, at *4; *Macias*, 2016 U.S. Dist. LEXIS 140760, at *31, with the interest compounded annually, *see Christos*, 2018 U.S. Dist. LEXIS 187214, at *3; *Macias*, 2016 U.S. Dist. LEXIS 140760, at *31; *Neal*, 995 F. Supp. at 897.

Moreover, the court determines that the prejudgment interest should be calculated from the date of Mr. Barrick's termination, November 14, 2012. As discussed previously, "[t]he purpose of prejudgment interest is to fully compensate the injured party for his loss," *U.S. Indus.*, 854 F.2d at 1257 n.50, by "tak[ing] into account the fact that the prevailing party would have had access to the money had it not been for the actions of the offending party," *Howard*, 2013 WL 4501422, at *4. Here, the jury concluded that PMI unlawfully terminated Mr. Barrick on November 14, 2012, and that Mr. Barrick suffered $125,000 in economic damages as a result. Thus, by unlawfully terminating Mr. Barrick, PMI deprived him of money to which he otherwise would have had access. This monetary injury began on November 14, 2012, *not* July 3, 2019 or September 5, 2019. Indeed, the timing of when Mr. Barrick purportedly began to pursue his unlawful retaliation claim simply has no bearing on when he initially sustained the monetary injury. To calculate prejudgment interest from July 3 or September 5, 2019—as PMI suggests—would deprive Mr. Barrick of full

---

[2] Because the court disregards Mr. Barrick's expert's report, the court concludes that PMI's Motion to Strike Expert Report of Gary Couillard, ECF No. 332, is moot.

compensation for his loss. *See Reed v. Mineta*, 438 F.3d 1063, 1066 (10th Cir. 2006) ("As a general rule, district courts 'should calculate interest on back pay and past damages based on the date of the adverse employment action.'" (citation omitted)). While the court is cognizant of the protracted nature of this case, the fact remains that, for approximately nine years, Mr. Barrick has not had access to money to which he is entitled, whereas PMI has been free to use the improperly retained funds. *See Clarke v. Frank*, 960 F.2d 1146, 1153–54 (2d Cir. 1992) ("Prejudgment interest discourages an employer from attempting to enjoy an interest-free loan for as long as [it can] delay paying out back wages.") (internal quotation marks and citation omitted). In addition, the court notes that Mr. Barrick is not solely responsible for the delays in litigating this case.

That being said, the court agrees with PMI that Mr. Barrick did not suffer his entire monetary injury on November 14, 2012. Rather, the jury's award covers the approximately nine-year period between his unlawful termination and the jury's verdict.[3] Accordingly, in calculating prejudgment interest, the court evenly distributes Mr. Barrick's $125,000 award across the nine years. *See Reed*, 438 F.3d at 1067 (noting that the plaintiff's "monetary injuries were incrementally inflicted from the date of his termination through entry of judgment" and that "prejudgment interest should have been calculated to coincide therewith").

When the court uses the formula provided in *Reed* and plugs into the formula the average prime interest rate for each year in question (with the interest compounded annually), the court

---

[3] During closing arguments, PMI argued that Mr. Barrick failed to mitigate his damages and noted that his work with his own business "wasn't nearly a substitute for what he was making at Parker." Closing Argument Tr. 70:13–71:6. A rational basis for the jury's damages award is that it represents the difference between what Mr. Barrick made between November 14, 2012 and the date of the jury's verdict and what he would have made during that same period if he were still employed by PMI, with any failure to mitigate the damages factored in.

7

finds that Mr. Barrick is entitled to a prejudgment interest award of $25,086.36.[4] *See* 438 F.3d at 1067 n.4. When the court uses the same formula but plugs into the formula PMI's proposed interest rate of 0.09%, the court finds that Mr. Barrick is entitled to a prejudgment interest award of only $563.85. The court concludes that using the prime interest rate for the years in question yields a prejudgment interest award that is better tethered "to the economic currents of the pre-judgment period" than is PMI's proposed interest rate. *See Kelley*, 2006 WL 1305038, at *4–*5. The court further notes that 28 U.S.C. § 1961, on which PMI relied to derive its proposed interest rate, "applies only to post-judgment interest, not pre-judgment interest." *Id.* at *2.

Accordingly, the court concludes that Mr. Barrick is entitled to an award of $25,086.36 for prejudgment interest.

### III. Mr. Barrick's Directed Verdict

At trial, Mr. Barrick moved for a directed verdict on the issue of his alleged failure to mitigate his damages. Because Mr. Barrick now concedes that the motion is moot, the court treats it as such.

---

[4] Specifically, the court used the following formula: $\text{Payment}_1 * ((1+i_1)^n - 1) + \text{Payment}_2 * ((1+i_2)^{n-1} - 1) + \text{Payment}_3 * ((1+i_3)^{n-2} - 1) + \text{Payment}_4 * ((1+i_4)^{n-3} - 1) + \text{Payment}_5 * ((1+i_5)^{n-4} - 1) + \text{Payment}_6 * ((1+i_6)^{n-5} - 1) + \text{Payment}_7 * ((1+i_7)^{n-6} - 1) + \text{Payment}_8 * ((1+i_8)^{n-7} - 1) + \text{Payment}_9 * ((1+i_9)^{n-8} - 1)$, with Payment = Mr. Barrick's economic damages for that year (i.e., $125,000 / 9 = $13,888.89); i = the average prime interest rate for that year; and n = the number of compounding periods (i.e., nine).

When the appropriate values are plugged into the formula, the formula yields the following result: $\$13,888.89 * ((1+.0325)^9 - 1) + \$13,888.89 * ((1+.0325)^8 - 1) + \$13,888.89 * ((1+.0325)^7 - 1) + \$13,888.89 * ((1+.0348)^6 - 1) + \$13,888.89 * ((1+.04)^5 - 1) + \$13,888.89 * ((1+.0479)^4 - 1) + \$13,888.89 * ((1+.0535)^3 - 1) + \$13,888.89 * ((1+.03833)^2 - 1) + \$13,888.89 * ((1+.0325)^1 - 1) = \$25,086.36$

The court concludes both that this is a rational way of calculating Mr. Barrick's prejudgment interest award and that the ultimate result is a reasonable award.

8

## CONCLUSION

For the foregoing reasons, the court determines that Mr. Barrick is entitled to reasonable attorneys' fees and that the procedure and timing for awarding attorneys' fees will follow Federal Rule of Civil Procedure 54; that Mr. Barrick is entitled to an award of prejudgment interest in the amount of $25,086.36; that Mr. Barrick's motion for a directed verdict on the issue of his alleged failure to mitigate his damages is moot; and that PMI's Motion to Strike Expert Report of Gary Couillard, ECF No. 332, is moot.

DATED March 25, 2022.

BY THE COURT

_____

Jill N. Parrish

United States District Court Judge