FILED
2022 MAR 25
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* BRANDON BARRICK,<br><br>Plaintiff/Relator,<br><br>v.<br><br>PARKER-MIGLIORINI INTERNATIONAL, LLC and JOHN AND JANE DOES 1–10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR REINSTATEMENT**<br><br>Case No. 2:12-cv-00381-JNP-CMR<br><br>District Judge Jill N. Parrish |

Before the court is Plaintiff Brandon Barrick's ("Mr. Barrick") Motion for Reinstatement. ECF No. 316. The court has concluded that oral argument on the Motion would not be helpful or necessary and will accordingly decide the Motion on the written memoranda of the parties. *See* DUCIvR 7-1(f). Having carefully reviewed the parties' written memoranda and the relevant law, the court GRANTS the Motion for Reinstatement.

## BACKGROUND

Mr. Barrick sued Defendants for unlawful retaliation under the False Claims Act ("FCA"), 31 U.S.C. § 3730(h). Following a five-day trial, a jury returned a verdict in favor of Mr. Barrick, finding that Parker-Migliorini International, LLC ("PMI") terminated Mr. Barrick's employment because of conduct protected by the FCA. Mr. Barrick subsequently filed the instant Motion, requesting the court to order PMI to reinstate him or, alternatively, award front pay. ECF No. 316.

## LEGAL STANDARD

Under the FCA, an employee who prevails on an unlawful retaliation claim "*shall* be entitled to all relief necessary to make that employee . . . whole," and such relief "*shall* include

1

reinstatement with the same seniority status that employee . . . would have had but for the discrimination." § 3730(h) (emphasis added). "A statute's use of the word 'shall' normally deprives a court of discretion in the matter referenced." *Townsend v. Bayer Corp.*, 774 F.3d 446, 464 (8th Cir. 2014). Accordingly, courts have concluded that reinstatement is a mandatory remedy under § 3730(h). *See, e.g.*, *Brach v. Conflict Kinetics Corp.*, 221 F. Supp. 3d 743, 749 (E.D. Va. 2016) ("[T]he current version of § 3730(h) continues to prescribe *mandatory* remedies, such as reinstatement."); *Aryai v. Forfeiture Support Assocs., LLC*, 25 F. Supp. 3d 376, 387 (S.D.N.Y. 2012) ("[I]nterpreting amended section 3730(h) to provide for individual liability is inconsistent with the mandatory remedy of reinstatement.").

However, "[i]n cases in which reinstatement is not viable because of continuing hostility between the plaintiff and the employer or its workers, or because of psychological injuries suffered by the plaintiff as a result of the discrimination, courts have ordered front pay as a substitute for reinstatement." *Pollard v. E. I. du Pont de Nemours & Co.*, 532 U.S. 843, 846 (2001). Although "[w]hether reinstatement or front pay is the appropriate remedy for employment discrimination is a matter committed to the discretion of the district court," *Abuan v. Level 3 Commc'ns., Inc.*, 353 F.3d 1158, 1176 (10th Cir. 2003), "courts must start with the strong preference for reinstatement," *Tudor v. Se. Okla. State Univ.*, Nos. 18-6102, 18-6165, 2021 U.S. App. LEXIS 27404, at *24 (10th Cir. Sept. 13, 2021), and they must ask whether "extreme hostility would make a productive working relationship *impossible*—not just difficult or imperfect," *id.* at *26 (emphasis added).

## ANALYSIS

Mr. Barrick moves for reinstatement at PMI or, alternatively, an award of front pay. ECF No. 316. Mr. Barrick argues, in part, that because he prevailed on his FCA claim, reinstatement (or a substitute remedy) is required. In response, PMI argues that Mr. Barrick's motion should be

2

denied because (1) the court "already ruled that [Mr. Barrick] is not entitled to reinstatement or front pay"; (2) Mr. Barrick "did not preserve his request for either remedy"; (3) Mr. Barrick "failed to support his claim to front pay damages either before or during trial"; and (4) Mr. Barrick "never affirmatively claimed he wanted to be reinstated, either during the lead up to trial or during trial." ECF No. 336 at 2. Because the court concludes that Mr. Barrick is entitled to reinstatement at PMI, the court need not—and does not—address PMI's arguments regarding front pay.

## I.  The Court's Previous Ruling

PMI first argues that Mr. Barrick is not entitled to reinstatement because the court previously ruled that Mr. Barrick is not entitled to reinstatement. In support of this argument, PMI points to the court's pre-trial order preventing Mr. Barrick from offering evidence regarding front pay damages at trial. ECF No. 267 at 10–11.

But, the court's order never stated that Mr. Barrick was not entitled to reinstatement. Indeed, the court merely ruled that Mr. Barrick could not offer evidence regarding front pay damages at trial. Contrary to PMI's argument, the court's order was silent regarding Mr. Barrick's entitlement to reinstatement.

Moreover, reinstatement is an equitable remedy, which "rests in the discretion of the trial court." *Jeffries v. Tulsa Cnty. Bd. of Cnty. Comm'rs*, 17 F. App'x 952, 955 (10th Cir. 2001) (unpublished) (quoting *Bingman v. Natkin & Co.*, 937 F.2d 553, 558 (10th Cir. 1991)). Accordingly, the court's decision regarding what evidence of damages Mr. Barrick could present to the *jury* had no bearing on the court's own determination about Mr. Barrick's entitlement to the remedy of reinstatement. *See Moore v. Susquehanna Area Reg'l Airport Auth.*, No. 1:02-CV-0535, 2005 WL 2430790, at *14 (M.D. Pa. Sept. 30, 2005) ("The determination on whether equitable

relief in the form of reinstatement is warranted rests at all times with the Court, and it is therefore irrelevant that the jury was not presented with information or instruction about this issue.").

Thus, the court rejects PMI's argument that the court previously ruled that Mr. Barrick is not entitled to reinstatement at PMI.

## II. Preservation of Reinstatement Remedy

PMI next argues that Mr. Barrick is not entitled to reinstatement because he failed to preserve that remedy. Specifically, PMI contends that Mr. Barrick "never sought to be rehired or reinstated," and that he "never pursued reinstatement . . . as a remedy." ECF No. 336 at 3–4. In response, Mr. Barrick argues that he did, in fact, "preserve the right to seek reinstatement," and that, regardless, "reinstatement is an equitable remedy that is mandatory *after* a jury finds a violation" of the FCA. ECF No. 341 at 2–3. The court agrees with Mr. Barrick.

Under Rule 54(c) of the Federal Rules of Civil Procedure, every final judgment—other than a default judgment—"should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Here, Mr. Barrick is entitled to reinstatement at PMI because he prevailed on his unlawful retaliation claim. *See* § 3730(h); *see also Brach*, 221 F. Supp. 3d at 749; *Aryai*, 25 F. Supp. 3d at 387. Thus, even if Mr. Barrick did not demand reinstatement in his pleadings,[1] it would still be appropriate for the court to grant such relief. Indeed, in wrongful termination cases, courts regularly permit plaintiffs to move for reinstatement after the jury has returned a verdict in their favor. *See, e.g.*, *Tudor*, 2021 U.S. App. LEXIS 27404, at *23–*24. *Sellers*

---

[1] The parties dispute whether Mr. Barrick demanded reinstatement in his pleadings. In his Second Amended Complaint, Mr. Barrick explicitly stated that he should be awarded "reinstatement with the same seniority status that [he] would have had but for the discrimination," ECF No. 84 at 14, but he did not explicitly list reinstatement in his "Prayer for Relief," *id.* at 15. Because the court would still grant reinstatement even if Mr. Barrick did not demand reinstatement in his pleadings, this dispute is moot.

*v. Mineta*, 358 F.3d 1058, 1059 (8th Cir. 2004); *Squires v. Bonser*, 54 F.3d 168, 171 (3d Cir. 1995); *Moore*, 2005 WL 2430790, at *12. PMI has not cited any authority holding—or even suggesting—that reinstatement, which is a mandatory, equitable remedy under § 3730(h), is precluded unless the plaintiff pursued reinstatement or attempted to be rehired before trial. In addition, PMI does not contend that Mr. Barrick previously refused an offer of reinstatement at PMI. *See Giandonato v. Sybron Corp.*, 804 F.2d 120, 123–24 (10th Cir. 1986) (noting that the right to additional relief may be affected if the plaintiff refused an offer of reinstatement); *Fiedler v. Indianhead Touch Line, Inc.*, 670 F.2d 806, 808–09 (8th Cir. 1982) (same).

Accordingly, the court rejects PMI's argument that Mr. Barrick is not entitled to reinstatement because he failed to preserve that remedy.

### III. Affirmative Expression of Desire to be Reinstated

PMI finally argues that Mr. Barrick is not entitled to reinstatement because he "never affirmatively claimed he wanted to be reinstated, either during the lead up to trial or during trial." ECF No. 336 at 2. Specifically, PMI argues that (1) Mr. Barrick "has already made clear that reinstatement is untenable" and (2) "he has made clear that he [is] not interested in reinstatement" since he "could have, but chose not to, propose a jury instruction defining 'reinstatement,'" as he did for "front pay." *Id.* at 7. In response, Mr. Barrick argues that he "did not indicate in any way that 'reinstatement is untenable,'" and that "testimony from the relevant witnesses at trial indicates it is *not* untenable." ECF No. 341 at 3. In addition, Mr. Barrick again relies on the argument that reinstatement is an equitable remedy that is mandatory *after* the jury finds unlawful retaliation in violation of § 3730(h). *Id.*

The court is not persuaded by PMI's conclusory statement that Mr. Barrick "has already made clear that reinstatement is untenable." ECF No. 336 at 7. In particular, PMI does not cite any

5

evidence to support this assertion, except for Mr. Barrick's failure to request a jury instruction defining "reinstatement." *Id.* This showing falls far short of "establishing the existence of extreme hostility between the parties." *See Tudor*, 2021 U.S. App. LEXIS 27404, at *23–24 ("A court's inquiry into whether reinstatement is appropriate after a jury verdict of discrimination and retaliation in plaintiff's favor therefore does not take place on a level playing field. Instead, courts must start with the strong preference for reinstatement, and then ask if the defendant has overcome this presumption by establishing the existence of extreme hostility between the parties."). Indeed, the Tenth Circuit recently confirmed that a party claiming that reinstatement is untenable has a heavy burden. *Id.* at *22–27. PMI has failed to satisfy that burden.

The court also rejects PMI's argument that—by negative implication—Mr. Barrick "made clear that he was not interested in reinstatement" when he proposed a jury instruction describing "front pay" but not one defining "reinstatement." ECF No. 336 at 7. As detailed previously, reinstatement is an equitable remedy, which "rests in the discretion of the trial court." *Jeffries*, 17 F. App'x at 955. Thus, it would be pointless to include a jury instruction defining "reinstatement." *See Moore*, 2005 WL 2430790, at *14. Moreover, the court declines to accept the proposition that a mandatory remedy under the FCA can be forfeited so easily. Therefore, the court rejects PMI's arguments.

***

Because § 3730(h) mandates that a plaintiff who prevails on an unlawful retaliation claim be reinstated, the court concludes that PMI must reinstate Mr. Barrick to a position "with the same seniority status that [Mr. Barrick] . . . would have had but for the discrimination." It is not lost on the court that, because of the animosity between the parties, reinstating Mr. Barrick at PMI may prove challenging. However, the court is bound by the Tenth Circuit's recent *Tudor* decision, which

6

explained that "[c]ourts must look beyond ill feeling and instead address simply whether a productive working relationship would still be *possible*, and they must do so through the lens of a strong preference for reinstatement." 2021 U.S. App. LEXIS 27404, at *25 (emphasis added). Indeed, courts must ask if "*extreme* hostility would make a productive working relationship *impossible*—not just difficult or imperfect." *Id.* at *26 (emphasis added). Accordingly, relying on Mr. Barrick's contention that reinstatement at PMI is not untenable—and PMI's lack of evidence to the contrary—the court grants Mr. Barrick's motion for reinstatement. *See id.* at *27 ("Often, as in this case, the defendant is a large institution that should have sufficient resources to eliminate or otherwise ameliorate any hostility on its side toward the plaintiff. And when, as here, the plaintiff affirmatively seeks reinstatement, we can typically assume that the plaintiff is not asserting [he] would confront extreme hostility after reinstatement.").

## CONCLUSION AND ORDER

For the foregoing reasons, Mr. Barrick's Motion for Reinstatement (ECF No. 316) is GRANTED. The court ORDERS PMI to reinstate Mr. Barrick to a position with the same seniority status that he would have had but for the discrimination within sixty days of entry of judgment. *See* § 3730(h); *Vidovic v. City of Tampa*, No. 8:16-cv-714-T-17TBM, 2018 U.S. Dist. LEXIS 243004, at *8 (M.D. Fla. Feb. 14, 2018) (ordering the defendant to reinstate the plaintiff in a Title VII case within sixty days).

DATED March 25, 2022.

BY THE COURT

Jill N. Parrish

United States District Court Judge