APRIL L. HOLLINGSWORTH (Bar No. 9391)
KATIE PANZER (Bar No. 16919)
**HOLLINGSWORTH LAW OFFICE, LLC**
1881 South 1100 East
Salt Lake City, Utah 84105
Telephone: 801-415-9909
april@aprilhollingsworthlaw.com
katie@aprilhollingsworthlaw.com

JAMES C. BRADSHAW (Bar No. 3768)
ANN MARIE TALIAFERRO (Bar No. 8776)
**BROWN, BRADSHAW, & MOFFAT, L.L.P.**
422 North 300 West
Salt Lake City, Utah 84103
Telephone: (801) 532-5297
jim@brownbradshaw.com
ann@brownbradshaw.com
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **UNITED STATES *EX REL* BRANDON BARRICK,**<br><br>Plaintiff,<br><br>vs.<br><br>**PARKER-MIGLIORINI INTERNATIONAL**, LLC<br><br>Defendant. | **PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR ATTORNEYS' FEES**<br><br>Case No. 2:12-cv-00381-JNP<br><br>Judge Jill N. Parrish |

Plaintiff Brandon Barrick, by and through counsel, submits the following Reply to Defendant's Memorandum in Opposition to Plaintiff's Motion for Attorneys' Fees.

## INTRODUCTION

Defendant argues the Court should deny Mr. Barrick's request for attorneys' fees in its entirety or, alternatively, severely limit the fees based on a whole slew of arguments—none of which are persuasive. Defendant argues that Mr. Barrick should not be able to recover fees for unsuccessful but interrelated claims, unsuccessful motions, and alleged deficiencies in his Motion. As explained below, none of Defendant's arguments support its request that the Court disallow or limit Mr. Barrick's request for attorneys' fees.

## ARGUMENT

### I. PLAINTIFF'S MOTION SATISFIED HIS BURDEN OF ESTABLISHING HIS ENTITLEMENT TO AN AWARD OF HIS ATTORNEYS' FEES

The burden is on Mr. Barrick to demonstrate the attorneys' fees requested is reasonable. *United Phos., Ltd. v. Midland Fum., Inc.,* 205 F.3d 1219, 1233 (10th Cir. 2000). In doing so, counsel must submit "contemporaneous and detailed records of their time," but are not required to document "in great detail how each minute of [their] time was expended." *Sussman v. Patterson,* 108 F.3d 1206 (10th Cir. 1997) (*quoting Hensley v. Eckerhart,* 461 U.S. 424, 437 n. 12 (1983)) (internal quotations omitted). "To ascertain the reasonable hours expended, the court should consider the following factors: (1) the tasks counsel would normally bill to a paying client; (2) the number of hours spent on each billed task; (3) the case's complexity; (4) the number of reasonable strategies pursued; (5) the responses necessitated by the other side's maneuvering; and (6) the potential duplication of services by multiple attorneys." *Ramos v. Lamm,* 713 F.2d 546, 553-54 (10th Cir. 1983), *overruled on other grounds by Pa. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987).

Defendant's Opposition attacks Mr. Barrick's request for attorneys' fees with little consideration of the above factors. Moreover, Defendant fails to support many of its arguments

with authority. In fact, many of its arguments are contrary to controlling Tenth Circuit law. For the reasons discussed below, Mr. Barrick's Motion sufficiently carried his burden of establishing the reasonableness of his requested attorneys' fees.

**A. Plaintiff's Motion for Attorneys' Fees Should Not Be Denied for Failure to Include Fee Agreements**

Defendant argues that Mr. Barrick's failure to include fee agreements in his Motion is fatal to his recovery of those fees. While Mr. Barrick's counsel did not include the fee agreements as exhibits to the Motion, that is only because they interpreted "the terms of any agreement about fees" to mean what *kind* of agreement there was. Mr. Barrick provided that information—the Motion indicated that all three firms represented Mr. Barrick on a contingency fee basis. To the extent the Court's Order was misinterpreted and it intended Mr. Barrick to disclose the actual agreements, those agreements are attached hereto as Exhibit 1[1]. Defendant's insinuation that Mr. Barrick's failure to disclose the actual agreements was nefarious and intentional for the purpose of misleading Defendant and the Court is not well taken. At worst, Mr. Barrick's omission was excusable neglect.

Defendant's argument that it was somehow disadvantaged because it did not know what Mr. Barrick's attorneys were charging him cannot be sincere. Mr. Barrick disclosed that he was represented by all three firms on a contingency basis. Defendant's counsel is certainly aware of what "contingency fee" means—that Mr. Barrick was charged *nothing* for his attorneys' services unless and until he prevailed. The billing records do not contain an hourly rate because there was

---

[1] Only the fee agreements from Brown, Bradshaw, & Moffat ("BBM") and Hollingsworth Law Office are executed. As indicated in Phillip Wormdahl's Declaration, The Salt Lake Lawyers ("SLL") have been unable to locate its signed copy of the Joint Prosecution/Fee Sharing Agreement with BBM. However, a draft of the agreement is included for the Court's reference.

no hourly rate charged to Mr. Barrick. Moreover, Defendant cites no authority that a bill must include an hourly rate to be recoverable. Each attorney's hourly rate was disclosed in the Motion.

### B. Mr. Barrick's Attorneys' Fees Should Not Be Cut for Being "Disproportionate" to his Damages Award

Defendant argues that Mr. Barrick's requested attorneys' fee award is "disproportionate" to the $125,000 awarded to him by the jury. Requiring that an award of attorneys' fees be proportionate to the plaintiff's damages award would "seriously undermine Congress' purpose in enacting" fee-shifting provisions. *Riverside v. Rivera,* 477 U.S. 561, 564 (1986). In *Riverside*, the Supreme Court held that an award of attorneys' fees need not be proportionate to the plaintiff's damages award. *Id.,* at 578-79. Like § 1988 and other civil rights statutes, the FCA has a fee shifting provision to enable employees to obtain competent counsel to vindicate their rights. Accordingly, the Court should award Mr. Barrick's counsel for the time reasonably expended on his case, regardless of the proportionality to his damages award.

### C. Mr. Barrick is Entitled to Fees Incurred in his Related but Unsuccessful Claims

Defendant argues that fees related to Mr. Barrick's underlying *qui tam* claim should be disallowed because he did not ultimately prevail on that claim. A plaintiff cannot recover attorneys' fees for unsuccessful and unrelated claims. *Hensley v. Eckerhart,* 461 U.S. 424, 440 (1983). But "[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fees reduced simply because" he did not prevail on *all* claims. *Id.* "In evaluating whether the lodestar amount should be adjusted when the prevailing party obtained only partial success, the court must consider two questions: (1) whether the claims on which the plaintiff did not prevail were related to those on which []he did prevail; and (2) whether 'the plaintiff achieve[d] a level of success that makes the hours reasonably expended a

4

satisfactory basis for making a fee award[.]'" *Metz v. Merrill Lynch, Pierce, Fenner Smith*, 39 F.3d 1482, 1493 (10th Cir. 1994) (*quoting Hensley,* 461 U.S. at 434).

Here, Defendant argues that Mr. Barrick's underlying *qui tam* claim and his retaliation claim are somehow unrelated. This argument is clearly erroneous given that the jury found Defendant fired Mr. Barrick *because of* his *qui tam* activities. And in light of Defendant's recurring argument (that was repeatedly rejected by this Court, right up until trial) that Mr. Barrick could not sustain a retaliation claim because his underlying *qui tam* was dismissed, prosecution of that underlying claim was both relevant and necessary to the retaliation claim. Defendant also repeatedly argued that Mr. Barrick could not prevail on a retaliation claim because he did not have a good faith basis for bringing a *qui tam* claim. Developing the underlying facts of the *qui tam* claim was absolutely necessary to demonstrate that there was a good faith basis for Mr. Barrick's belief that Defendant was violating the FCA. Even if Mr. Barrick had only brought the retaliation claim, much of the same work still would have been necessary.

Moreover, up until the Court denied Mr. Barrick leave to amend his *qui tam* claims, the claims were inextricably intertwined. It is not reasonable to require counsel to dissect their time by claim when the claims arise out the same set of facts or where one claim is based on the other. For example, substantial time was billed for drafting and revising the Second Amended Complaint. It would be unreasonable to ask that Mr. Barrick's attorneys delineate between the time spent drafting the *qui tam* claims and the retaliation claim. Because neither BBM nor SLL requested fees related to Mr. Barrick's unsuccessful appeals of his *qui tam* claims, all time billed after the appeal was directly related to the retaliation claim. Accordingly, the first *Metz* factor weighs in favor of allowing Mr. Barrick to recover fees associated with his related *qui tam* claim.

The second factor considers the overall success achieved in relation to the hours reasonably expended on the litigation. The Court has the discretion to reduce the award on the basis that Mr. Barrick did not prevail on all of his claims. *Hensley,* 461 U.S. at 436. But the Court should not, as Defendant asserts, entirely disallow those fees. Since Mr. Barrick's successful retaliation claim arose directly *because of* his pursuit of the *qui tam* claim, it would be unjust to disallow all the fees associated with a related but unsuccessful claim.

Defendant also argues that Mr. Barrick should not be awarded fees for unsuccessful motions, essentially asking "the court to second-guess every decision made by Plaintiff[] to determine whether each decision actually advanced Plaintiff[']s case." *N. Regal Homes, Inc. v. Roundpoint Mortg. Servicing Corp.,* No. 1:15-cv-00035, at *10 n.3 (D. Utah Jan. 29, 2018). Defendant cites no authority "that requires the court to reduce an award of attorneys ' fees based on unsuccessful arguments that relate to compensable claims." *Id.* Accordingly, Defendant's request that the Court disallow attorneys' fees for Mr. Barrick's unsuccessful Rule 56(d) Motion should be disregarded.

**D. The Rates Sought by Mr. Barrick's Attorneys are Reasonable**

Defendant argues that the rates sought by SLL and BBM attorneys are not adequately supported and do not reflect their "lack of experience" in employment law. Defendant does not cite any authority suggesting that a plaintiff is unable to sustain his burden of demonstrating the requested rates are reasonable without "market data." In fact, "a district judge may turn to her own knowledge of prevailing market rates as well as other indicia of a reasonable market rate." *Bee v. Greaves*, 910 F.2d 686, 689 n. 4 (10th Cir. 1990). A lawyer's customary rate is a "relevant but not conclusive factor." *Ramos*, 713 F.2d at 555.

Defendant claims the rates are unsupported but does not actually challenge the rates as unreasonable. In addition to the declarations from James C. Bradshaw and Phillip Wormdahl about their firm's attorneys' usual billing rates, Mr. Barrick also submitted declarations from two other employment law attorneys, Michael C. O'Brien and Kathryn Harstad. While these two declarations were submitted in support of the rates sought by Hollingsworth Law, they generally demonstrate the market rate for attorneys of similar skill and experience.

Notably, Defendant does not challenge the reasonableness of Ms. Hollingsworth's and Ms. Panzer's rates. The rates sought by BBM and SLL are substantially lower than those sought by Ms. Hollingsworth—even though several BBM attorneys have been in practice significantly longer than Ms. Hollingsworth. Additionally, the rates sought by BBM and SLL, in comparison to the rate sought by Ms. Panzer, are significantly lower when compared to the attorneys' respective levels of experience. Given the complexity of this case—and the various talents and skills each attorney brought to the table—the rates sought are reasonable.

### E. Mr. Barrick's Motion Does Not Seek Expert Witness Fees or Costs

Defendant argues that Mr. Barrick's Motion attempts to recover expert witness fees and costs. Although the billing statement submitted by BBM does include costs the firm incurred in this litigation, the Motion does not ask for those costs. All costs sought by Mr. Barrick were included in the Bill of Costs (ECF 352). The "expert witness fee" Defendant references is not for an "expert witness." It was for time billed by an attorney, Gregg Rogers, whom BBM consulted for his expertise on *Touhy* issues. This was explained in both the Motion and the Bradshaw Declaration. This is a compensable attorney fee and should be allowed by the Court.

### F. Mr. Barrick Does Not Request Fees for "Duplicative" Work of Attorneys

Defendant baldly asserts that Mr. Barrick's attorneys submitted time entries that are "duplicative" simply because multiple attorneys billed time on the same projects. "[T]here is nothing 'inherently unreasonable about a client having multiple attorneys work' on a case, including multiple experienced attorneys, as long as the attorneys 'are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer' at a reasonable hourly rate." *Morgan v. Morgan (In re Morgan),* No. 2:20-cv-00291-DBB, 2021 U.S. Dist. LEXIS 205573, at *23-24 (D. Utah Oct. 25, 2021) (citing *Anchondo v. Anderson, Crenshaw & Assocs., L.L.C.*, 616 F.3d 1098, 1104-07 (10th Cir. 2010)). The Tenth Circuit has rejected "an automatic reduction of reported hours" when multiple attorneys work on the same project. *Ramos,* 713 F.2d at 554. Such a rule would be at odds with the collaborative nature of the practice of law. It is not unusual or suspect for drafts to be passed between multiple attorneys or for several attorneys to participate in and contribute to meetings.

Additionally, Defendant takes issue with the time billed by Mr. Bradshaw for his participation in trial and trial preparation. While Hollingsworth Law may be the employment law experts, Defendant unfairly discounts Mr. Bradshaw's extensive litigation and courtroom experience and the value his experience added to Mr. Barrick's ability to prevail in this case. Defendant claims Mr. Bradshaw was just "watching" the trial because he did not sit at counsel table or argue to the Court. However, Mr. Bradshaw participated heavily in trial preparation (which obviously, Defendant was not privy to) and met with Ms. Panzer and/or Ms. Hollingsworth practically every day either during, before, or after trial. Moreover, Mr. Bradshaw maintains an in-depth knowledge of the background facts of this case that would be simply

impossible for attorneys coming in halfway through litigation to grasp. Defendant's assertion that Hollingsworth Law "did all the work" is not only unsupported, it is simply not true.

### G. Time Entries by Mr. Barrick's Attorneys Are Sufficiently Detailed to Allow the Court to Determine the Reasonableness of the Time Expended in Litigating This Case

Defendant accuses all of Mr. Barrick's attorneys of "block billing," such that his recovery of fees should be disallowed or significantly reduced. The Tenth Circuit requires an attorney seeking recovery of fees keep time records that "sufficiently allow[] the court to determine the time allotted … to specific tasks and the reasonableness of that time." *Cadena v. the Pacesetter Corporation,* 224 F.3d 1203, 1215 (10th Cir. 2000). It does not, as Defendant suggests, have a per se rule against "block billing" that would warrant an automatic reduction in attorneys' fees. While the records submitted by Mr. Barrick's attorneys may not record their expenditures of time down to the minute, they are detailed enough to allow the Court to discern what time was spent on what tasks and whether that time was reasonable.

Defendant specifically accuses Hollingsworth Law of having "sloppy time entries" and billing for "unnecessary work." Defendant takes particular issue with the fact that Ms. Hollingsworth's and Ms. Panzer's time billed during trial because it is not exactly equal. Defendant asserts—without any basis—that the trial work was split evenly between them. Both Ms. Hollingsworth and Ms. Panzer were both present for the entire trial but Defendant's argument does not account for the work that goes on behind the scenes, before and after trial. It is not logical for two attorneys to bill exactly the same time for a trial.

Defendant also takes issue with several time entries that it alleges are not relevant. For example, Defendant argues an entry on August 12, 2020, with the description "email re: maternity leave" should be disallowed because Mr. Barrick did not assert a pregnancy

discrimination claim. Mr. Barrick's attorney Ms. Panzer, however, did take maternity leave during this litigation and emailed Defendant's counsel to inform them that she would be unavailable. Defendant argues that research on the *McDonnell Douglas* burden-shifting framework "is so basic for an employment law attorney that it is non-chargeable." However, the burden-shifting framework as it specifically relates to an FCA retaliation claim is not "basic" and is chargeable. These are just a few examples of Defendant's baseless objections to particular time entries. Ultimately, it is in the Court's discretion to determine what time was reasonable and necessary, not Defendant's. The time entries created by Hollingsworth Law attorneys are sufficient to allow the Court to exercise this discretion.

### H. Law Clerk Time is Not an Overhead Expense and Should be Awarded

Defendant argues that time billed by paralegals or law clerks should be included in firm overhead. However, the Tenth Circuit has held that if "law clerk and paralegal services are . . . not reflected in the [attorney's fee], the court may award them separately as part of the fee for legal services." *Ramos*, 713 F.2d at 558. Ms. Hollingsworth's Declaration states that Whitney Nelson was hired specifically to assist with this trial. Hollingsworth Law, a two-person firm, did not generally employ a law clerk and therefore, those services are not part of the firm's overhead. The Court can and should include time billed by Ms. Nelson in the award to Mr. Barrick.

## CONCLUSION

The discretion to determine what fees were reasonably incurred by Mr. Barrick in the prosecution of this claim rests solely with the Court. Mr. Barrick's Motion for Attorneys' Fees, along with its accompanying exhibits, provided sufficient information for the Court to exercise that discretion. Mr. Barrick's Motion should be granted, as the fees he seeks to recover are just and reasonable for his efforts to prevail on a case that took almost a decade to conclude.

DATED this 11th day of May, 2022.

                              **HOLLINGSWORTH LAW OFFICE, LLC**

                              /s/ Katie Panzer
                              April L. Hollingsworth
                              Katie Panzer
                              *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of May, 2022, I served the foregoing **REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** via the Court's electronic filing system on the following:

Mark R. Gaylord
Jason D. Boren
Steven W. Suflas
Jacqueline Mabatah
BALLARD SPAHR LLP
One Utah Center, Suite 800
201 South Main Street
Salt Lake City, Utah 84111

/s/ Katie Panzer