# EXHIBIT 1

# *1HOLLINGSWORTH LAW OFFICE, LLC*
**1881 South 1100 East**
**Salt Lake City, Utah 84105**
**(801) 415-9909**

May 8, 2019

*Via Electronic Mail*

Brandon Barrick

    Re: Parker-Migliorini International, LLC

This agreement is entered into as of May 14, 2019, by and between (1) BROWN, BRADSHAW & MOFFAT, (2) HOLLINGSWORTH LAW OFFICE, LLC, (collectively "Attorneys" or "we") and (3) BRANDON BARRICK (hereinafter "you"). You and the Attorneys are collectively referred to as "the parties" hereinafter.

The parties agree as follows:

### 1. ATTORNEYS' FEES:

The Attorneys have agreed to undertake litigation of your claims against PMI, exercising our best efforts to achieve a positive resolution. Attorneys have agreed to represent you on a contingency basis, pursuant to following terms:

a. If we obtain a monetary recovery for you, Attorneys will be entitled to forty percent (40%) of your gross recovery in this matter. Gross recovery includes any payments made to you as a result of litigation or settlement, including any statutory award for attorneys' fees.

b. However, should the statutory award of attorneys' fees exceed 40% of the gross recovery, Attorneys may elect to retain the total of the attorneys' fees in lieu of receiving 40% of the gross recovery. You agree that Attorneys retain the sole discretion in regard to deciding whether to receive compensation pursuant to the contingency fee arrangement or to retain the full amount of awarded attorneys' fees.

c. Should your case not result in a recovery or settlement, you understand that you owe Attorneys absolutely nothing for their time and service on your behalf.

d. The amount of work required by Attorneys as well as the likely recovery is currently unknown. There is a risk that Attorneys could provide a substantial amount of legal services that result in little or no recovery. On the other hand, attorneys' fees resulting

from either the contingency fee arrangement or the statutory award could be substantial. You expressly acknowledge awareness of these risks.

## 2. ATTORNEYS' FEE SHARING

Attorneys agree to split attorneys' fees according to the following terms:

a. Each firm shall be entitled to a pro rata share of fees recovered pursuant to the contingency fee arrangement. This pro rata share shall be based on Attorneys' time expended on the case including time expended prior to Hollingsworth Law Office's involvement in the case. However, time expended by Brown, Bradshaw & Moffat in pursuit of the Tenth Circuit Appeal will not be counted towards its pro rata share.

b. In the event Attorneys elect to retain the full amount of awarded attorneys' fees in lieu of compensation pursuant to the contingency arrangement, each firm will recover their attorneys' fees as awarded by the court.

## 3. COSTS & EXPENSES

At this time, Brown, Bradshaw & Moffat have agreed to advance all necessary and reasonable litigation costs. In the event that we obtain a recovery on your behalf, Brown, Bradshaw & Moffat will be reimbursed for all reasonable and necessary costs advanced on your behalf in connection with this matter. Costs may include investigation fees and expenses, deposition transcript costs, filing fees, mediation fees, travel expenses, expert fees and expenses, consulting fees and expenses, copying fees, postage, etc. All such costs shall be deducted from your portion of the recovery, and are not included in the fee to which Attorneys are entitled. You will receive an accounting of the costs incurred and/or reimbursed.

## 4. MUTUAL RIGHTS OF WITHDRAWAL:

c. The attorney-client relationship is one of mutual trust and confidence. Attorneys may withdraw as counsel at any time for any reason. Such reasons may include, but are not limited to, misrepresentation of facts by you, insufficient evidence to support your claims, legal difficulties, etc. In such events, Attorneys will be entitled to its pro rata share of attorney's fees if the case is successfully concluded by another attorney.

d. You retain the right to discharge any or all Attorneys at any time. However, should you choose to discharge Attorneys prior to settlement or judgment, you shall be liable to us for our time expended. The current normal hourly rates of Attorneys is between $250 per hour and $500 per hour. Should another attorney successfully resolve your claims, Attorneys will be entitled to recover for time expended at our hourly rates at the time of resolution or a pro rata share of the recovery as set forth above, whichever is greater.

## 5. ATTORNEYS' LIEN:

You hereby grant us a lien on all claims that are the subject of representation under this agreement. This lien will be for any sums owing to us for attorneys' fees and costs and expenses advanced on your behalf. This lien will attach to any recovery you may obtain.

## 6. DISPUTES BETWEEN CLIENTS AND ATTORNEYS:

In the event of any dispute between you and Attorneys relating in any way to this agreement or our legal representation of you, the parties agree as follows:

  a. In the event of a dispute with respect to the costs charged, (or interpretation of this agreement) you and the firm agree to submit such fee dispute, within forty-five (45) days of the date of the dispute, to arbitration before the Fee Arbitration Panel of the Utah State Bar.

  b. If it is necessary for us to bring a legal action against you for the collection of our attorney's fees and costs for payment for the services of any outside experts or professionals I have employed on your behalf, you agree to pay all costs and attorney's fees incurred in that action.

## 7. ATTORNEYS AND CLIENTS RESPONSIBILITIES

  a. Attorneys will keep you well informed as to the progress of your case. We will send you copies of all papers coming in and going out of our offices, including correspondence, pleadings and other court documents. If no one is available when you telephone, your call will be returned promptly. The file and its progress are open to your inspection at any reasonable time.

  b. You agree to carefully read all statements for services rendered sent to you by Attorneys' offices and to promptly notify this office, in writing, of any claimed errors or discrepancies in billing, within fifteen (15) days from the time that you receive the statement. In the event you fail to do so, it will be presumed that you agree with the correctness, accuracy, and fairness of the statement rendered to you.

  c. Every effort will be made to expedite your case promptly and efficiently according to the highest legal and ethical standards.

  d. You acknowledge that Attorneys have made no guarantees. All expressions that relate to the possible results in your case are based strictly on our opinion.

  e. You agree to keep Attorneys advised of your current contact information, including telephone number and address, at all times, to cooperate at all times in the preparation of your case, and to appear upon reasonable notice to meet for depositions and meetings that become necessary, and to comply with all reasonable requests made in connection with the preparation of your case.

## 8. RECOVERY

a. If Attorneys are able to obtain money for you, either by way of settlement or after trial, you should be aware that in virtually all cases that recovery is considered taxable income and you must pay taxes to both the State of Utah and the Federal government. You understand and acknowledge that we do not practice tax law, and if you receive money you should consult with an accountant or tax attorney.

b. Additionally, when Attorneys receive money from a third party on your behalf, we are not able to immediately send or give you a check for your portion. We must first have the check from the third party clear the bank, then calculate the amount of costs that may still be owing and the amounts you and this firm are to get before we can send you a check. This process takes 15 to 30 days, at a minimum.

We look forward to working with you to achieve a successful resolution to your legal problems.

**BROWN, BRADSHAW & MOFFAT**

_____
Jim Bradshaw

**HOLLINGSWORTH LAW OFFICE, LLC**

_____
Katie Panzer

**BY SIGNING THIS AGREEMENT, I ACKNOWLDGE THAT I HAVE READ IT AND UNDERSTAND IT, THAT I AGREE TO ALL OF ITS TERMS, AND THAT I HAVE RECEIVED AN EXECUTED COPY OF IT.**

Accepted this __10th__ day of May, 2019.

_____
Brandon Barrick

## RETAINER AGREEMENT

This agreement entered into by and between **BRANDON BARRICK** (hereinafter referred to as AClient@) and **BROWN, BRADSHAW & MOFFAT** (hereinafter referred to as AAttorneys@).

### W I T N E S S E T H:

WHEREAS, Client has agreed to retain Attorneys to represent Client=s interests and to investigate and research the circumstances surrounding potential fraud on the United States Government by Parker International and its affiliates, parents, subsidiaries, officers, directors, or employees (the AMatter@); and

WHEREAS, this representation is intended specifically to include the representation of Client in dealing with or litigating against any and all parties, including insurers, which Attorneys conclude might be responsible for damages to the United States or to any other person or entity; and

WHEREAS, Attorneys have agreed to undertake the desired representation on a contingency fee basis. It is agreed that Attorneys will undertake the necessary investigation, will initiate discussions with potentially liable parties and with the United States Government, as Attorneys determine to be appropriate, will pursue any litigation which Attorneys conclude from their investigation is justified, and will conduct any settlement negotiations on behalf of Client; and

WHEREAS, it is the desire of Client to retain Attorneys to represent him in connection with such possible causes of action to achieve a recovery for damages sustained as a result thereof;

NOW, THEREFORE, the parties do hereby agree as follows:

1. Client retains Attorneys for the purpose of representing Client in connection with the Matter referred to above, subject to the terms and conditions set forth below.

2. Attorneys shall be entitled to a contingent attorneys= fee of Thirty-three percent (33%) of Client=s gross recovery in the Matter. Gross recovery shall include any funds or payment made to Client as a result of litigation or settlement and the calculation shall include payments ordered for a statutory award of attorneys= fees. However, Attorneys may elect to retain the total of the statutory award of attorneys= fees ordered by the Court in lieu of receiving thirty-three percent (33%) of Client=s gross recovery. Client agrees that Attorneys retain the sole discretion in regards to deciding whether to receive compensation for services pursuant to the contingent fee arrangement or rather to be paid pursuant to any statutory award of attorneys= fees. The amount of work required as well as the likely recovery is currently unknown and Client acknowledges and agrees that this compensation arrangement is entered into under circumstance where there is no clear path to recovery. There is a risk that Attorneys could provide a substantial amount of legal services that result in little or no recovery or statutory award of attorneys= fees. On the other hand attorneys= fees resulting from either the contingent fee arrangement or the statutory award could be substantial. Client expressly acknowledges awareness of these risks and has requested that Attorneys provide the legal services under the terms herein. Client and Attorneys' agree that the provisions of this Agreement shall control regardless of the actual

2

recovery. Client is responsible to pay the expenses of the Matter as they accrue. Expenses of the Matter include all expenses of the litigation, including, but not limited to, any fees for witnesses, expert witnesses, auditors, court filing fees, photocopy fees, long distance phone charges, travel expenses, and postage. In the event that costs are advanced by Attorneys, Client agrees to promptly reimburse Attorneys within 30 days for all costs incurred. Attorneys may, at their election, agree to accept reimbursement for costs advanced at the time of the settlement or judgment, with the costs being withheld from Client=s share of the proceeds.

3. The parties acknowledge that most recovery checks or drafts are payable jointly to Attorneys and to Client, and Client hereby grants a power of attorney to Attorneys to endorse said check or draft on behalf of Client, deposit the same in Attorneys= trust account and to disburse Client=s share to Client. Attorneys agree to provide Client with a photocopy of the recovery check or draft and a settlement accounting itemizing the disbursement of the proceeds. Client=s disbursement shall be made within 10 days from the receipt of the check or draft, or sooner at the discretion of the Attorneys, with the 10-day period granted for the purpose of allowing any check or draft to clear so that Attorneys will not be required to draft on uncollected funds in their trust account. Attorneys may, at their sole discretion, disburse the same day if they deem themselves secure to do so.

4. Client authorizes Attorneys to pursue suit on Client=s behalf, if Attorneys= investigation reveals that suit is justified. If additional counsel is deemed desirable by Attorneys, then Attorneys are hereby authorized to retain such additional counsel as

3

they deem necessary, but the retention of additional counsel shall not increase Attorneys= fees as set forth in this Agreement.

5. Client and Attorneys recognize that the undersigned lawyers are licensed to practice in the state of Utah. Consequently, if Attorneys determine that it is necessary to pursue the Matter outside of the jurisdictions in which any attorney is licensed, Client recognizes and agrees that Attorneys will pursue the Matter, if filed in court, through special admission with that court, and that Attorneys shall in any event be entitled to their fees and expenses as set out in this Agreement.

6. Client agrees to comply fully with all requests by Attorneys in connection with investigation of the matter and factual development of any resulting claim. Client understands that if action is brought, the action may be brought according to statutes which require the filing of the action under seal of the court. Client understands that if such an action is brought and filed under seal, Client must maintain strict confidentiality about all matters of the suit, and the fact that suit was filed, and until the seal is lifted, may not communicate with anyone about that suit other than with Attorneys and with authorized representatives of the United States.

7. In the event that Client terminates the representation by Attorneys of Client without cause, Attorneys shall immediately be entitled to a fee for their services computed at the normal hourly rates of their professionals who have devoted time to the matters for which Attorneys have undertaken representation according to this agreement or to a fee computed as set forth above, whichever is the greatest. The normal hourly rates of Attorneys for this type of matter are $500.00 per hour.

4

8. Attorneys have made and can make no guarantees to Client about whether Client ultimately may succeed in the Matter, the amount of damages, if any, that Client may recover, or the length of time that it may require for Client to receive any favorable judgment or settlement. Client understands that the United States typically requires up to two years, or more, to investigate and decide to intervene, or not to intervene, in a False Claims Act action, but that the time of action taken by the United States may be shorter or longer.

9. Client explicitly grants Attorneys, without further consultation with Client, to in turn grant, or oppose the grant, to the United States any extensions of time to intervene and for the unsealing of any False Claims Act case brought in connection with the Matter, which Attorneys in their sole discretion determine are necessary or strategically advantageous to Client.

10. This Agreement is governed by the laws of the State of Utah and represents the parties= entire agreement pertaining to fees and costs in relation to the Matter, and may not be changed except through a writing which all parties sign. This Agreement is binding on Client and on Attorneys and the respective successors in interest of each. This Agreement may be signed in counterparts.

11. Attorneys agree to provide all services reasonably required to prosecute this litigation in a diligent and professional manner. Client understands that Attorneys make no warranty concerning the outcome of his case except that Attorneys will use their best efforts in representing Client.

IN WITNESS WHEREOF, the parties hereby set their hands on the date written below.

Dated: 5/20/2011

BRANDON BARRICK
Client

BROWN, BRADSHAW & MOFFAT

Dated: 5/20/2011

By: 
JAMES C. BRADSHAW
Attorney

K:\JCB\D\359.DOC

# JOINT PROSECUTION AGREEMENT / FEE SPLIT

It is hereby agreed by and among CW Hawkes, PLLC dba The Salt Lake Lawyers ("TSLL") on the one hand, and Brown, Bradshaw & Moffat LLP ("The BBM Firm"), on the other; and Brandon Barrick (the "Client") that TSLL and BBM will jointly prosecute the False Claims Act case against Parker-Migliorini International, LLC; Parker International, Inc. aka PMI Foods – USA; Cottonwood Trading, LLC; Fortuna Foods, LLC; and John and Jane Does 1-10, case no. 2:12cv00381 pending before the Honorable Dee Benson, on behalf of the Client. The parties have agreed to the following division of labor and costs, and Client has provided informed consent to this Arrangement and Agreement.

- TSLL shall handle the labor in connection with motion practice, discovery, and scheduling. The BBM Firm has agreed it will work cooperatively with the TSLL in accomplishing these tasks, including handling the labor required as needed. The BBM Firm will have final approval of all documents submitted in connection with this Case. Additionally, the BBM Firm will attend all substantive hearings, depositions, and trial along with TSLL.
- The BBM Firm and the TSLL have agreed to split the Contingency Fees recovered in this matter such that the BBM Firm will receive 60 percent of the total contingency fee and the TSLL will receive 40 percent of the total contingency, as agreed to in the Engagement Letter executed by the Client on or around [DATE] (the "Engagement Agreement").
- The BBM Firm and the TSLL have agreed to split costs advanced in connection with this Case such that the BBM Firm will be responsible for advancing 60 percent of the total costs and TSLL will be responsible for advancing 40 percent of the total costs. Upon a judgment, settlement, or other monetary recovery in connection with this Case, the respective law firms will be reimbursed for the costs expended in the same proportion as the costs are so advanced, pursuant to the terms contemplated in the Engagement Agreement.
- This Agreement is not intended to alter any of the terms previously agreed to by the Client in the [DATE] Contingency Fee Agreement with the Client. The purpose of this Agreement is to provide Client with notice of the fee division, labor division, and cost division that has been agreed to between the TSLL and the BBM Firm and to request the

- Client consent to this arrangement before the case is jointly prosecuted by the respective law firms as outlined herein.
- The Client have carefully reviewed this Joint Prosecution / Fee Split Agreement. The Client have had the opportunity to ask questions regarding this Agreement and have had the necessary time to conduct an inquiry as to the terms of this Agreement before giving approval to its terms. By signing below, the Client have provided informed consent to the terms of this Agreement and fully understands all of the provisions outlined herein.

SIGNED ON THE _____ DAY OF MARCH 2015

**Counsel:**

_____          _____
Brown, Bradshaw & Moffat, LLP                  The Salt Lake Lawyers

**Client:**

_____
Brandon Barrick