IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* BRANDON BARRICK,<br><br>Plaintiff/Relator,<br><br>v.<br><br>PARKER-MIGLIORINI INTERNATIONAL, LLC and JOHN AND JANE DOES 1–10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT OR, IN THE ALTERNATIVE, FOR A STAY**<br><br>Case No. 2:12-cv-00381-JNP-CMR<br><br>District Judge Jill N. Parrish |

Before the court is defendant Parker-Migliorini International, LLC's ("PMI") motion to alter or amend the judgment or, in the alternative, for a stay. ECF No. 359. The court has concluded that oral argument on the motion would not be helpful or necessary and will accordingly decide the motion on the parties' written filings. *See* DUCivR 7-1(f). Having carefully reviewed the parties' written memoranda and the relevant law, the court DENIES the motion.

Pursuant to Federal Rules of Civil Procedure 52(b)[1] and 59(e), PMI moves the court "to amend and/or alter the Judgment, entered on Ma[r]ch 25, 2022, requiring PMI to reinstate

---

[1] Federal Rule of Civil Procedure 52(b) provides that, "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." However, that rule "applies only to cases in which a district court issues factual findings following a [non-jury] trial on the merits." *See Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1237 (10th Cir. 2007). Thus, Federal Rule of Civil Procedure 52(b) is not applicable in this case, in which a jury rendered a verdict on the merits. That said, because the standard for a Rule 52(b) motion is exceedingly similar to that for a Rule 59(e) motion, the result would be the same even if the court applied the Rule 52(b) standard here. *See Wideman v. Colorado*, No. 09-cv-00095-CMA-KMT, 2010 U.S. Dist. LEXIS 25334, at *2–3 (D. Colo. Mar.

1

Plaintiff, Brandon Barrick." ECF No. 359 at 1. Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Under Tenth Circuit caselaw, "Rule 59(e) motions may be granted when 'the court has misapprehended the facts, a party's position, or the controlling law.' But once the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Given the strength of this interest in finality, [the Tenth Circuit] ha[s] restricted district courts' discretion when ruling on motions based on Rule 59(e)." *Id.* For instance, the Tenth Circuit has held "that Rule 59(e) motions are 'not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.'" *Id.* (quoting *Servants of the Paraclete*, 204 F.3d at 1012). Similarly, in *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008), the United States Supreme Court explained that "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (Citation omitted.)

Here, PMI's motion simply raises arguments and presents evidence that could have been raised and presented prior to the entry of judgment. Specifically, many of the arguments on which PMI now relies were available to PMI when it filed its opposition to Barrick's motion for reinstatement, *see* ECF No. 336, yet PMI did not raise those arguments. For instance, PMI now argues that reinstatement is inappropriate because there are questions regarding Barrick's "ability to return to work in any capacity," ECF No. 359 at 9; PMI no longer has a position comparable

---

4, 2010) ("A motion made pursuant to Rule 52(b) will only be granted when the moving party can show either manifest errors of law or fact, or newly discovered evidence; *it is not an opportunity for parties to relitigate old issues* or to advance new theories." (citation omitted)).

2

to the one that Barrick held when he was terminated; there is a "real risk" that "an innocent employee would be displaced by [Barrick's] reinstatement," *id.* at 14; and it is likely that "bringing Barrick back will arouse further hostility in the workplace," *see id.* at 15–20. All of these arguments were available to PMI when it responded to Barrick's motion for reinstatement. Indeed, evidence regarding Barrick's physical ability to work, to successfully complete a background check, and to satisfy PMI's conflict of interest policy was available to PMI at the time it opposed Barrick's motion for reinstatement. In addition, PMI cannot seriously contend that, at the time it responded to Barrick's motion, the arguments that PMI no longer offers a comparable position in the finance department and that an innocent employee could be displaced by Barrick's reinstatement were unavailable. Such arguments would be newly available only if, during the intervening time between PMI's response to Barrick's motion for reinstatement and its filing of the instant motion, PMI eliminated a comparable position in its finance department that was available to Barrick. PMI has presented no evidence to that effect.

      Rather than make the arguments that PMI presents now at the time that it responded to Barrick's motion for reinstatement, PMI argued, in part, that, to the extent reinstatement was untenable, it was "because of [Barrick's] own action and inaction," "not because of PMI," ECF No. 336 at 7, without providing any support for that claim except for the fact that Barrick failed to propose a jury instruction defining "reinstatement." PMI's filing fell far short of demonstrating the "unusual work place hostility or other aggravating circumstances which may make reinstatement *impossible*," *Bingman v. Natkin & Co.*, 937 F.2d 553, 558 (10th Cir. 1991) (emphasis added), which would have justified the court denying Barrick's motion for reinstatement under both long-standing and recent Tenth Circuit precedent. *See id.*; *Tudor v. Se. Okla. State Univ.*, 13 F.4th 1019, 1033 (10th Cir. 2021) ("A court's inquiry into whether

3

reinstatement is appropriate after a jury verdict of discrimination and retaliation in plaintiff's favor . . . does not take place on a level playing field. Instead, courts must start with the strong preference for reinstatement, and then ask if *the defendant* has overcome this presumption by establishing the existence of extreme hostility between the parties." (emphasis added)). PMI had a responsibility to marshal its best arguments in opposition to Barrick's motion for reinstatement at the time that it responded to that motion. The court was not persuaded by the arguments that PMI presented at that time, and it is not appropriate for PMI to use this Rule 59(e) motion to "raise arguments or present evidence that could have been raised prior to the entry of judgment." *See Exxon Shipping*, 554 U.S. at 485 n.5 (citation omitted); *see also Nelson*, 921 F.3d at 929.

That said, it is true that Barrick's statements in a Fox13 news article—on which PMI relies heavily in its motion—were published after PMI filed its opposition to Barrick's motion for reinstatement (the opposition was filed on July 29, 2021 and the article was published on November 14, 2021). However, the article was published over four months before the court entered judgment in this case on March 25, 2022. *See* ECF No. 351. Therefore, Rule 59(e) may not be used to present the evidence. *See Exxon Shipping*, 554 U.S. at 485 n.5. Regardless, to the extent that Barrick's statements in the article constitute new evidence, the court finds that they do not "raise[] the spectre [sic] of hostility and animosity against PMI and call[] into question his genuine desire to rejoin the company." ECF No. 359 at 7. In fact, *Barrick* moved for reinstatement at PMI,[2] *see Tudor*, 13 F.4th at 1035 ("And when, as here, the plaintiff affirmatively seeks reinstatement, we can typically assume that the plaintiff is not asserting [he]

---

[2] Because Barrick moved for reinstatement, the court is perplexed by PMI's statements that Barrick never "ma[d]e an initial showing of a desire to be reinstated" and that Barrick "has never said he wanted [to be reinstated]." ECF No. 380 at 2, 9. Presumably, Barrick would not have moved for reinstatement at PMI if he did not want to be reinstated. Thus, to the extent that Barrick was even required to "make an initial showing of a desire to be reinstated," *id.* at 2, Barrick made that showing by moving for reinstatement.

4

would confront extreme hostility after reinstatement."), and, in the article, Barrick was discussing his concerns about PMI *in 2012*, which has little relevance to Barrick's current feelings toward PMI or PMI's current operations. Indeed, the sentiments expressed by Barrick in the news report are consistent with his testimony at trial, and there is nothing in the news article that strikes the court as differentiating this case from any other case in which an employee is ordered reinstated after a jury verdict finding that the employee was unlawfully terminated. Therefore, the court declines to amend or alter the judgment on the basis of Barrick's statements in the Fox13 article and, for all of the foregoing reasons, denies PMI's motion to alter or amend the judgment. The court likewise denies PMI's request for an evidentiary hearing on the matter.

PMI further requests, in the alternative, that the court stay its order compelling PMI to reinstate Barrick until the Tenth Circuit rules on PMI's appeal. PMI argues that a stay is appropriate here because PMI is likely to succeed on the merits, it will be irreparably injured absent a stay, granting the stay will not prejudice Barrick, and "[t]he public has no interest in the result here." *See* ECF No. 359 at 20–21. The court disagrees.

The standard for a stay pending appeal requires a court to consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 425–26 (2009) (citation omitted).

With respect to the first factor, PMI first argues, at bottom, that its appeal is likely to be successful because it "previously won an appeal before the Tenth Circuit regarding [Barrick's] *qui tam* action." ECF No. 359 at 21. Whether PMI previously won an appeal before the Tenth Circuit on a different claim is entirely irrelevant to its likelihood of successfully appealing the

5

jury's verdict finding that PMI unlawfully terminated Barrick. Therefore, the court is not persuaded by this argument.

In its reply brief, PMI presents a more relevant argument, but the court is similarly unpersuaded. PMI contends that the Tenth Circuit will reverse the jury's verdict in favor of Barrick because the verdict "resulted from an erroneous instruction." ECF No. 380 at 10. Specifically, PMI asserts that the jury instruction regarding "but for" causation was improper and reflected "a misreading" of the Supreme Court's decision in *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020). ECF No. 380 at 10. At trial, the court instructed the jury that "[o]ften, events have multiple 'but-for' causes. For example, if a car accident occurred both because the defendant ran a red light and because the plaintiff failed to signal his turn at the intersection, we might call each a 'but-for' cause of the collision." ECF No. 313 at 54. This language was taken verbatim (with the exception of the omission of "[s]o" before "for example") from *Bostock* and, there, the Supreme Court referred to this example as an illustration of "the *traditional* but-for causation standard." *See* 140 S. Ct. at 1739 (emphasis added). In addition, although it is true that the Supreme Court was careful to limit its interpretation of "sex" discrimination in *Bostock* to Title VII, the Court did not similarly seek to limit its explanation and illustration of "the 'simple' and 'traditional' standard of but-for causation" to Title VII. *See id.* at 1739, 1753. Therefore, the court disagrees with PMI's characterization of the jury instruction as "erroneous," "misleading," and "unconventional," *see* ECF No. 380 at 10, and the court is confident that the Tenth Circuit will reach a similar conclusion. Given the court's intimate familiarity with this case and PMI's failure to present an issue on which it is likely to succeed on appeal, the court concludes that PMI has not "made a strong showing that [it] is likely to succeed on the merits." *See Nken*, 556 U.S. at 425–26.

With respect to the final three factors, the court acknowledges that PMI is likely to be injured if it reinstates Barrick and then the Tenth Circuit reverses the jury's verdict (which, consequently, would eliminate Barrick's entitlement to the reinstatement remedy). However, any injury to PMI can be largely mitigated through appropriate training and efforts to create a harmonious, cooperative work environment, and it is outweighed by the injury of a stay to Barrick and the public interest. Specifically, following a five-day trial, a jury returned a verdict in favor of Barrick, finding that PMI terminated his employment on November 14, 2012 because of conduct protected by the False Claims Act ("FCA"), 31 U.S.C. § 3730(h). Accordingly, Barrick has waited almost a decade to return to a job from which he was unlawfully terminated. During this time "Barrick has been earning significantly less than he earned working for [PMI]," ECF No. 373 at 7, and Barrick's injury continues to grow with each day he is not reinstated at PMI because although the jury's economic damages award compensates Barrick's injury up to the point of the jury's verdict, it does not compensate Barrick for any subsequent delay in his reinstatement at PMI, to which he is entitled under the FCA. *See* 31 U.S.C. § 3730(h).[3]

Similarly, the public has an interest in the prompt and efficient administration of justice, *see* FED. R. CIV. P. 1 ("[The Federal Rules of Civil Procedure] should be construed, administered, and employed by the court and the parties to secure the just, *speedy*, and inexpensive determination of every action and proceeding." (emphasis added)), and in ensuring that plaintiffs, particularly whistleblowers, are made whole promptly, thereby encouraging whistleblowers to blow the whistle regarding unlawful conduct and discouraging companies and other entities from engaging in such conduct. Granting a stay here would frustrate those interests. Accordingly, the

---

[3] Further delay in Barrick's reinstatement at PMI may be particularly harmful given PMI's opposition to an award of front pay as well. *See* ECF No. 336.

7

court concludes that the four factors weigh against granting a stay here, and, therefore, the court denies PMI's request for a stay of the reinstatement order pending appeal.

For the foregoing reasons, the court DENIES PMI's motion to alter or amend the judgment or, in the alternative, for a stay. ECF No. 359. The court ORDERS PMI to reinstate Barrick by June 23, 2022 to a position with the same seniority status that he would have had but for his unlawful termination.

DATED May 27, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge